Robert P. Goe – State Bar No. 137019
Brandon J. Iskander – State Bar No. 300916
**GOE FORSYTHE & HODGES LLP**
17701 Cowan, Suite 210
Irvine, CA 92614
rgoe@goeforlaw.com
biskander@goeforlaw.com

Telephone: (949) 798-2460
Facsimile:  (949) 955-9437

Attorneys for Prominence Capital Partners, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>JARED HUNTER SCARTH,<br><br>Debtor. | Case No. 6:23-bk-10960-WJ<br><br>Chapter 13<br><br>**DECLARATION OF CHRISTOPHER TUROCI PURSUANT TO COURT'S ORDER SHORTENING TIME**<br><br>Hearing Date: March 27, 2023<br>Time:            12:00 p.m.<br>Place:           Courtroom 304<br>                    U.S. Bankruptcy Court<br>                    3420 Twelfth Street<br>                    Riverside, CA 92501 |

**TO THE HONORABLE WAYNE JOHNSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, CHAPTER 13 TRUSTEE, DEBTOR, DEBTOR'S ATTORNEY, AND ALL INTERESTED PARTIES**:

Prominence Capital Partners, LLC ("PCP" or "Movant"), by and through its managing member Christopher Turoci, hereby files a list of all payments made by the Debtor to Movant, which includes (1) the due date for each payment, (2) the amount of each payment due, (3) the amount of each payment actually made, and (4) the date of each actual payment.

# **DECLARATION OF CHRISTOPHER TUROCI**

I, Christopher Turoci, declare and state as follows:

1. I am Chief Executive Officer and Managing Member of Prominence Capital Partners, LLC ("PCP" or "Movant"). I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto. All capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

2. I make this declaration in response to the Court's Order Granting Application and Setting Hearing on Shortened Notice (Docket No. 15) ("OST").

3. In the OST, at paragraph 7, the Court required as follows:

> No later than March 20, 2023 at 5:00 p.m., the moving party shall submit a list of all payments made by the debtor to the moving party. The list should include the due date for each payment, the amount of each payment due, the amount of each payment actually made and the date of each actual payment.

4. This Declaration is intended to be responsive to that requirement.

5. By way of background, Debtor granted Movant a security interest in the real property located at 31222 Mangrove Drive, Temecula, CA 92592 (the "Property") by executing a secured promissory note and deed of trust confirming the same. The principal sum for the loan was $17,250.00 as of October 2, 2017 accruing at 15% per annum. A true and correct copy of the secured promissory note is attached hereto and incorporated herein as **Exhibit "1."**

6. Pursuant to the terms agreed to by the parties, i.e., a four-month short term balloon note, payment in full was due on February 2, 2018.

/ / /

/ / /

/ / /

/ / /

2

7. After Debtor failed to pay off the loan in full, Movant declared a default and interest thereafter accrued at the default interest rate.

8. A true and correct payment history is attached hereto and incorporated herein as **Exhibit "2."**

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on March 20, 2023, at Glendora, California.

_____
Christopher Turoci

# EXHIBIT 1

# EXHIBIT 1

# SECURED PROMISSORY NOTE

**$17,250.00**                                                                                                    October 2, 2017

### SECTION 1. DEBT AND PAYMENT TERMS.

**1.1**  FOR VALUE RECEIVED, Jared H Scarth ("Borrower") promises to pay to the order of Prominence Capital Partners, LLC, a California limited liability company at 974 Sandstone Drive, Glendora, CA 91740, or at such other place as the Holder hereof may from time to time designate in writing:

- The Principal Sum of:   Seventeen Thousand Two Hundred Fifty and 00/100ths Dollars ($17,250.00) in lawful money of the United States.
- Interest rate:          15.00% per annum from the date of this Note until paid.
- Payments:               Payment under this Note is to be made as follows: On February 2, 2017, the entire unpaid principal balance and any accrued interest shall come due and payable in full.
- Proceeds:               The total loan amount includes (i) amounts actually disbursed to Borrower; (ii) loan fees associated with this Loan; and (iii) Document Preparation Fees associated with this Loan.

### SECTION 2. ADDITIONAL PARTIES AND TERMS.

The Holder hereof may, without prior notice to Borrower, cause additional parties to be added hereto, or release any party hereto, extend or renew this Note, extend the time for making any payment provided for herein, or accept any installment in advance, without affecting the liability of Borrower.

### SECTION 3. EVENTS OF DEFAULT; CROSS-DEFAULT.

**3.1**  The following shall constitute Events of Default:

**3.1.1 Nonpayment.** Failure of Borrower to make any payment provided herein when due.

**3.1.2 Other Obligations.** Failure of Borrower to make any payment or perform any obligation required by any other instrument evidencing or securing any indebtedness or obligation of Borrower, or any of them, to the Holder of this Note, including, but not limited to, default under any Deed of Trust given to secure payment of this Note, or default under any other instrument or agreement made by Borrower in connection with the indebtedness evidenced by this Note, or breach of any term or condition of any Deed of Trust.

### SECTION 4. TIME IS OF THE ESSENCE.

TIME IS OF THE ESSENCE OF THIS NOTE. Any payment designated to be made to the Holder hereof under this Note or under any other agreement, designated in Subsection 3.1.2 herein, shall not be deemed to have been timely made unless actually received by the Holder hereof on or before 11:59 p.m. of the stated due date.

### SECTION 5. REMEDIES IN CASE OF DEFAULT.

**5.1**  If an Event of Default shall occur, the Holder of this Note may exercise any of the following rights and remedies, in addition to any other remedies which may be available at law, in equity, or otherwise:

**5.1.1 Acceleration and Interest Default Rate.** The Holder of this Note may declare the entire unpaid principal and interest immediately due and collectible.

**5.1.2 Default Interest Rate.** The Holder of this Note may impose a higher interest rate to be incurred on all principal balance and any other charges payable by Borrower during the time of default at a rate of eight percent (8%) higher than the rate provided in Section 1 above (this adjusted rate shall be referred to as the "Default Rate"), but in no event to exceed the maximum rate permitted by law, running from the date of default until paid.

### SECTION 6. SECURITY; NO TRANSFER WITHOUT CONSENT.

**6.1**  This obligation is secured by, among other instruments, a Deed of Trust and Assignment of Rents, of even date herewith, encumbering certain real property and the improvements thereon located at 31222 Mangrove Drive, Temecula CA 92592 (the "Property").

**6.2**  A SALE, TRANSFER, ALIENATION OR INVOLUNTARY ENCUMBRANCE OF THE PROPERTY OR ADDITIONAL COLLATERAL WITHOUT THE PRIOR WRITTEN CONSENT OF THE HOLDER HEREOF, WHICH CONSENT MAY BE GIVEN OR WITHHELD IN THE SOLE AND ABSOLUTE DISCRETION OF THE HOLDER HEREOF, SHALL BE A DEFAULT HEREUNDER AND UPON SUCH DEFAULT, ALL PRINCIPAL AND INTEREST, AT THE OPTION OF THE HOLDER OF THIS NOTE, SHALL BECOME IMMEDIATELY DUE AND PAYABLE.

### SECTION 7. ATTORNEY FEES AND COSTS.

PAGE 1 - SECURED PROMISSORY NOTE

In the event of a default under this Note, Borrower agrees to pay all costs and expenses which may be incurred by the Holder with respect to such default, including without limitation all costs and expenses of investigating the same and circumstances and events surrounding or relating thereto, fees charged by and expenses of professional consultants and advisers, including attorneys and accountants, costs of title searches and premiums for title reports and all other costs and expenses. Attorney fees shall include costs and expenses of legal advice with respect to the event of default, rights and remedies, negotiations with Borrower and any other parties in interest, such as guarantors, other encumbrances, receivers, trustees, and the like, and attorney fees and expenses with respect to any action which the Holder may commence or in which the Holder might appear, whether for the purpose of protecting or preserving the Holder's rights or to realize upon the lien of any security interest upon real or personal property, or both, by foreclosure or otherwise, including, but not limited to, any action or participation as a debtor by Borrower in, or in connection with, a case or proceeding under the Bankruptcy Code or any successor statute, and all attorney fees and expenses in any review of or appeal from any such action. All costs, fees, or expenses herein referred to shall be reasonable. Such fees and costs may, at the option of the Holder, be added to the principal balance of this Note.

**SECTION 8. LATE PAYMENT CHARGES.**

    **8.1**  If Borrower fails to pay any final balloon payment within ten (10) calendar days after the due date, or by the next business day, if the ten (10) day period ends on a Saturday, Sunday or legal holiday, the holder may assess a late charge equal to ten percent (10%) of the final balloon payment not paid when due. Said late charge shall be paid on demand, and the holder hereof reserves the right (a) to refuse any late payment unless accompanied by such late charge, or (b) to add such late charge to the principal balance of the Note. The acceptance of a late charge shall not constitute a waiver of any remedies available to the holder of this Note arising from an event of default.

**SECTION 9. WAIVER OF PRESENTMENT FOR PAYMENT, NOTICE OF DISHONOR, PROTEST AND NOTICE OF PROTEST; LOAN AGREEMENT.**

    **9.1**  All persons liable either now or hereafter for the payment of this Note severally waive presentment, demand for payment and notice of nonpayment thereof.

    **9.2**  All parties liable under this Note hereby consent to, and the Holder hereof is hereby expressly authorized to make, without notice, any and all renewals, extensions, modifications, or waivers of the time for or the terms of payment of any sum or sums due hereunder, or under any documents or instruments relating to or securing this Note, or of the performance of any covenants, conditions or agreements hereof or thereof or the taking or release of collateral securing this Note. Any such action taken by the Holder of this Note shall not discharge the liability of any party to this Note.

    **9.4**  The proceeds of this Note are being used solely for business purposes and none of the loan proceeds evidenced by this Note will be expended for a personal, private or consumer use.

**SECTION 10.    NONWAIVER.**

Failure to exercise any option to declare a default or accelerate the balance due hereon shall not constitute a waiver of the right to exercise the same in the event of any subsequent default. Modification of the terms of payment of this Note made at the request of any person liable thereof shall not impair such person's liability or the liability of any other person now or hereafter liable for the payment hereof.

**SECTION 11.    NOTICE.**

All notices, requests, demands and other communications given or required to be given hereunder shall be in writing and personally delivered or sent by United States registered or certified mail, return receipt requested, postage prepaid or sent by a nationally recognized courier service such as Federal Express, duly addressed to the Parties as follows:

    To Borrower  :  Jared H Scarth
                             31222 Mangrove Drive
                             Temecula, CA 92592

    To the Holder  :  Prominence Capital Partners, LLC
                             974 Sandstone Drive
                             Glendora, CA 91740

Any notice or other communication hereunder shall be deemed given on the date of actual delivery thereof to the address of the addressee, if personally delivered, and on the date indicated in the return receipt or courier's records as the date of delivery or as the date of first attempted delivery to the address of the addressee, if sent by mail or courier service (such as Federal Express). Notice may also be given by telecopier or facsimile to any party having a telecopier or facsimile machine compatible with the telecopier or facsimile machine of the party sending the notice. Any notice given by telecopier or facsimile shall be deemed delivered when received by the telecopier or facsimile machine of the receiving party if received before 5:00 p.m. (Pacific Time) on the business day received, or if received after 5:00 p.m. (Pacific Time), or if telecopied on a day other than a business day (i.e., a Saturday, Sunday or legal holiday), then such notice shall be deemed delivered on the next following business day. The transmittal confirmation receipt produced by the telecopier or facsimile machine of the sending party shall be prima facie evidence of such receipt. Any party may change its address or telecopier or facsimile number for purposes of this Subsection by giving notice to the other party. If a "copy party" is designated, service of notice shall not be deemed given to the designated party unless and until the "copy party" is also given such notice in accordance with this Subsection.

**SECTION 12.    GOVERNING LAW.**

PAGE 2 - SECURED PROMISSORY NOTE

    This Note shall at all time be governed by the laws of the State of California. Borrower agrees that this Note may be enforced in the courts of the State of California and Borrower hereby consent to the jurisdiction thereof.

**SECTION 13.**   **ENFORCEABILITY.**

    It is the intention of Borrower and the Holder to comply with the laws of the State of California; accordingly, it is agreed that notwithstanding any provision to the contrary in this Note, no such provision shall require the payment or permit the collection of interest in excess of the maximum permitted by law. If any excess of interest in such respect is provided for, or shall be adjudicated to be so provided for, in this Note, then in such event (a) the provisions of this section shall govern and control; (b) neither Borrower nor Borrower's successors or assigns or any other party liable for the payment hereof shall be obligated to pay the amount of such interest to the extent that it is in excess of the maximum amount permitted by law; (c) any such excess which may have been collected shall be either applied as a credit against the then unpaid principal amount hereof or refunded to Borrower; and (d) the effective rate of interest shall be automatically subject to reduction to the maximum lawful interest rate allowed under the usury laws of the State of California.

**SECTION 14.**   **SEVERABILITY.**

    If any provision of this Note is construed to be invalid, illegal, unenforceable or against public policy, the remaining provisions of this Note shall not be affected thereby and shall be enforceable without respect thereto.

**SECTION 15.**   **NEGOTIATION.**

    This Note is freely transferable and assignable by the Holder hereof. In the event this Note is negotiated, endorsed or assigned to any party, such party shall not be subject to (and Borrower hereby expressly waives as against such party) any defenses, setoffs, counterclaims, or other objections to the payment of this Note.

    EXECUTED the day and year first above written.

_____ 10/2/17
Jared H Scarth


STATE OF CALIFORNIA  )
COUNTY OF_____)

On_____ before me,_____ Notary Public, personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.    See att!

[Notary seal: IXMALZIN KASSANDRA ALI, COMM. # 2199346, NOTARY PUBLIC - CALIFORNIA, RIVERSIDE COUNTY, COMM. EXPIRES MAY 28, 2021]

Signature_____ (Seal)


PAGE 3 - SECURED PROMISSORY NOTE

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Riverside

On 10/2/17 before me, Ixmalzin Kassandra Ali, Notary Public, personally appeared Jared H. Scarth who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under Penalty of Perjury under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS MY HAND AND OFFICIAL SEAL.

_____
Signature of Notary Public

[Notary Seal: IXMALZIN KASSANDRA ALI, COMM. # 2199346, NOTARY PUBLIC - CALIFORNIA, RIVERSIDE COUNTY, COMM. EXPIRES MAY 28, 2021]

(Notary Seal)

## OPTIONAL INFORMATION

*The acknowledgment contained within this document is in accordance with California law. Any certificate of acknowledgement performed within the State of California shall use the preceding wording pursuant to Civil Code section 1189.* **An acknowledgment cannot be affixed to a document sent by mail or otherwise delivered to a notary public, including electronic means, whereby the signer did not personally appear before the notary public, even if the signer is known by the notary public. In addition, the correct notarial wording can only be signed and sealed by a notary public. The seal and signature cannot be affixed to a document without the correct notarial wording.**

**DESCRIPTION OF ATTACHED DOCUMENT**

Secured Promissory Note
(Title of document)

Number of Pages 3 (Including acknowledgment)

Document Date 10-2-17

**CAPACITY CLAIMED BY SIGNER**

_____ Individual
_____ Corporate Officer
_____ Partner
_____ Attorney-In-Fact
_____ Trustee
_____ Other: _____

MMXV H.WARDALE 925.786.8909   www.TotallyNotary.net

# EXHIBIT 2

EXHIBIT 2

Payments due and received from Debtor by Prominent Capital Partners, LLC
on account of loan secured by 31222 Mangrove Drive, Temecula, CA 92592

| Date | Event | Amount Calculated as Owed | Payment $ | Payment Due | Payment Due Date |
|---|---|---|---|---|---|
| 10/2/2017 | Loan (Default Interest Accrues at 23%) | $ - | | | n/a |
| 2/2/2018 | Loan Maturity | $ 17,792.40 | $ - | | 2/2/2018 |
| 5/16/2020 | Payment Received | | $ 500.00 | Loan fully matured on 2/2/2018 | 2/2/2018 |
| 6/17/2020 | Payment Received | | $ 500.00 | Loan fully matured on 2/2/2018 | 2/2/2018 |
| 8/14/2020 | Payment Received | | $ 500.00 | Loan fully matured on 2/2/2018 | 2/2/2018 |
| 9/15/2020 | Payment Received | | $ 500.00 | Loan fully matured on 2/2/2018 | 2/2/2018 |
| 10/15/2020 | Payment Received | | $ 500.00 | Loan fully matured on 2/2/2018 | 2/2/2018 |
| 11/24/2020 | Payment Received | | $ 500.00 | Loan fully matured on 2/2/2018 | 2/2/2018 |
| 12/20/2020 | Payment Received | | $ 500.00 | Loan fully matured on 2/2/2018 | 2/2/2018 |
| 1/15/2021 | Payment Received | | $ 500.00 | Loan fully matured on 2/2/2018 | 2/2/2018 |
| 2/16/2021 | Payment Received | | $ 500.00 | Loan fully matured on 2/2/2018 | 2/2/2018 |

Payments due and received from Debtor by Prominent Capital Partners, LLC
on account of loan secured by 31222 Mangrove Drive, Temecula, CA 92592

| Date | Description | Amount | Note | Maturity |
|---|---|---|---|---|
| 3/16/2021 | Payment Received | $ 500.00 | Loan fully matured on 2/2/2018 | 2/2/2018 |
| 4/15/2021 | Payment Received | $ 500.00 | Loan fully matured on 2/2/2018 | 2/2/2018 |
| 5/14/2021 | Payment Received | $ 500.00 | Loan fully matured on 2/2/2018 | 2/2/2018 |
| 6/21/2021 | Payment Received | $ 500.00 | Loan fully matured on 2/2/2018 | 2/2/2018 |
| 7/20/2021 | Payment Received | $ 500.00 | Loan fully matured on 2/2/2018 | 2/2/2018 |
| 8/20/2021 | Payment Received | $ 500.00 | Loan fully matured on 2/2/2018 | 2/2/2018 |
| 9/18/2021 | Payment Received | $ 500.00 | Loan fully matured on 2/2/2018 | 2/2/2018 |
| 10/20/2021 | Payment Received | $ 500.00 | Loan fully matured on 2/2/2018 | 2/2/2018 |
| 7/23/2022 | Payment Received | $ 600.00 | Loan fully matured on 2/2/2018 | 2/2/2018 |

Payments due and received from Debtor by Preeminent Capital Partners, LLC
on account of loan secured by 31222 Mangrove Drive, Temecula, CA 92592

| | | | | |
|---|---|---|---|---|
| 8/22/2022 | Payment Received | $ 600.00 | Loan fully matured on 2/2/2018 | 2/2/2018 |
| 9/28/2022 | Payment Received | $ 600.00 | Loan fully matured on 2/2/2018 | 2/2/2018 |
| 10/24/2022 | Payment Received | $ 600.00 | Loan fully matured on 2/2/2018 | 2/2/2018 |
| **Total Payments Received from Borrower since 10/02/2017** | | **$ 10,900.00** | | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 17701 Cowan, Suite 210, Irvine, CA 92614.

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF CHRISTOPHER TUROCI PURSUANT TO COURT'S ORDER SHORTENING TIME** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 20, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Rod Danielson (TR)**    notice-efile@rodan13.com
- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Benjamin Heston**    bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
- **Brandon J Iskander**    biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Valerie Smith**    claims@recoverycorp.com
- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov

☐    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) March 20, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

- Debtor – Jared Hunter Scarth, 31222 Mangrove Drive, Temecula, CA 92592-4176

☐    Service information continued on attached page

**3. SERVED BY ~~PERSONAL DELIVERY,~~ OVERNIGHT MAIL, ~~FACSIMILE TRANSMISSION OR EMAIL~~**: (state the method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 20, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows: Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Wayne Johnson, USBC, 3420 Twelfth Street, Suite 384, Riverside, CA 92501

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 20, 2023 | Kerry A. Murphy | /s/Kerry A. Murphy |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |