PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
ALI MATIN, SBN 268452
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
Telephone:    (951) 276-6990
Facsimile:    (951) 276-6973
Email:    ali.matin@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re: | Case No.  6:23-bk-10960-WJ |
| JARED HUNTER SCARTH, | CHAPTER 13 |
| Debtor. | **UNITED STATES TRUSTEE'S STATEMENT REGARDING DISMISSAL MOTION [DKT. NO. 13]** |
| | Hearing Information:<br>Date: March 27, 2023<br>Time: 12:00 p.m.<br>Place: Courtroom 304 |

1

# UNITED STATES TRUSTEE'S STATEMENT

The dismissal motion (Dkt. No. 13) by Prominence Capital Partners, LLC ("PCP") has revealed an apparent lack of disclosure by the Turoci Bankruptcy Firm ("Turoci Firm") in Lincoln James Investment Properties, LLC ("Lincoln James"), Case No. 6:17-bk-17285. Jared Scarth, the debtor in this case, was Lincoln James' principal at the time. The non-disclosure in Lincoln James may affect this case. The U.S. Trustee makes this statement to inform the Court and the parties of his concern while he further investigates the matter, and because the additional information may be relevant to the dismissal motion hearing.

**I.    The Turoci Firm appears not to have disclosed a material connection in the Lincoln James case when seeking employment as debtor's counsel, and that non-disclosure may have some bearing on this matter.**

The Turoci Firm's employment application in the Lincoln James case stated that debtor's members personally guaranteed Lincoln James' attorneys' fees. Lincoln James Dkt. No. 19 (UST Obj. 2:11–14). The U.S. Trustee objected to the employment application because the arrangement created an actual conflict or impermissible potential conflict. *See id*. In response, the Turoci Firm filed a declaration on behalf of Mr. Scarth (and in support of employment), explaining that he borrowed $17,000 from Western Star Financial to make a capital contribution to Lincoln James, which Lincoln James then used to pay the Turoci Firm's retainer in the Lincoln James case. Lincoln James Dkt. No. 40 (3:6–19). The declaration contained no further reference to a personal guarantee. *See id*.

The Court approved the Turoci Firm's employment and expressly denied any term purporting to personally guarantee Lincoln James' attorneys' fees. *See* Lincoln James Dkt. No. 46 (2:21–28, stating that "[t]o the extent (if any) that the Application, the retainer agreement or any other document contains provisions that explicitly or implicitly (a) guarantee compensation to the Firm, . . . such language and relief is not approved").

Mr. Turoci recently confirmed to the U.S. Trustee that he is the sole owner of Western Star Financial, the entity that loaned Mr. Scarth funds to pay the Turoci Firm's retainer in Lincoln James. The U.S. Trustee has not located any disclosure by the Turoci Firm in the Lincoln James case regarding

his ownership of Western Star Financial. Likewise, Mr. Turoci has not offered the U.S. Trustee any evidence of disclosure in that case, despite the U.S. Trustee's request.

The Turoci Firm's failure to disclose its connection with Western Star Financial violates the Code.[1] Even if the Turoci Firm had made a disclosure about its connection to Western Star Financial, it is not clear that the Court could have approved the firm's employment under the disinterestedness standard.[2]

During the pendency of the Lincoln James case, Mr. Scarth apparently obtained a second loan, this time from PCP, which is operated by Mr. Turoci's brother. PCP is the party moving for dismissal here, alleging that Mr. Scarth defaulted and the instant bankruptcy is a bad faith attempt to hinder PCP's foreclosure proceedings. Dkt. No. 13 (6:8–10:25).

The Western Star Financial and PCP loans to Mr. Scarth raise several questions and concerns:

- Why did Mr. Turoci fail to disclose his connection to Western Star Financial?

---

[1] Rule 2014 requires professionals to disclose all connections. Fed. R. Bankr. Proc. 2014(a). "The disclosure requirements of Rule 2014 are applied strictly . . . such that 'the [professional] has the duty to disclose all relevant information to the court, and may not exercise any discretion to withhold information.'" *In re Sundance Self Storage-El Dorado LP*, 482 B.R. 613, 631 (Bankr. E.D. Cal. 2012). "This rule assists the court in ensuring that the attorney has no conflicts of interest and is disinterested, as required by 11 U.S.C. § 327(a)." *In re Park-Helena Corp.*, 63 F.3d 877, 881 (9th Cir. 1995). "Disclosure is also an ongoing obligation, and it must be discharged promptly when circumstances change or otherwise warrant." *In re NIR W. Coast, Inc.*, 638 B.R. 441, 449 (Bankr. E.D. Cal. 2022); *In re W. Delta Oil Co., Inc.*, 432 F.3d 347, 355 (5th Cir. 2005) ("case law has uniformly held that under Rule 2014(a), (1) full disclosure is a continuing responsibility, and (2) an attorney is under a duty to promptly notify the court if any potential for conflict arises").

[2] A "disinterested person" is one who "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." 11 U.S.C.§ 101(14). An "adverse interest" is "the (1) possession or assertion of an economic interest that would tend to lessen the value of the bankruptcy estate; or (2) possession or assertion of an economic interest that would create either an actual or potential dispute in which the estate is a rival claimant; or (3) possession of a predisposition under circumstances that create a bias against the estate." *In re AFI Holding, Inc.*, 530 F.3d 832, 845 (9th Cir. 2008).

3

- Would the Court have approved the Turoci Firm's employment given this lender-borrower relationship between debtor's principal and debtor's counsel, and the conflicts that could arise from the relationship?[3]
- Would Mr. Turoci be able to refer Mr. Scarth to PCP for a second loan if his connection to Western Star Financial was disclosed and questioned or, alternatively, if Mr. Turoci were disqualified from employment based on the connection?
- To what extent, if any, were the proceeds from the PCP loan used to fund operations or pay attorneys' fees in the Lincoln James case and why was the PCP connection to Mr. Turoci never disclosed?
- To what extent will a potential PCP foreclosure on the subject property benefit Western Star Financial, which apparently holds a lien senior to PCP?

**II.  The Court should consider continuing this matter to allow parties to better explain the circumstances and for the Court and the U.S. Trustee to better understand them.**

The U.S. Trustee is still collecting information and investigating this matter. The U.S. Trustee suggests that the Court consider continuing this matter to allow the Court and the U.S. Trustee to better understand the circumstances surrounding the loans (and their connection to the Lincoln James bankruptcy), the reason for the lack of disclosure in the Lincoln James case, the applicability of any potential remedies—including whether a refund/disallowance of attorneys' fees is appropriate because of the non-disclosure in the Lincoln James case[4]—and whether those remedies affect this proceeding.

Dated: March 24, 2023

PETER C. ANDERSON
UNITED STATES TRUSTEE

By:  /s/ Ali Matin
　　　Ali Matin
　　　Trial Attorney

---

[3] For instance, the principal's failure to pay Western Star Financial's loan could adversely affect the principal's relationship with debtor's counsel and thus create a conflict as to debtor's representation.

[4] *In re Lewis*, 113 F.3d 1040, 1045 (9th Cir. 1997) ("An attorney's failure to obey the disclosure and reporting requirements of the Bankruptcy Code and Rules gives the bankruptcy court the discretion to order disgorgement of attorney's fees").

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3801 University Avenue, Suite 720
Riverside, CA 92501

A true and correct copy of the foregoing document entitled (*specify*): UNITED STATES TRUSTEE'S STATEMENT REGARDING DISMISSAL MOTION [DKT. NO. 13] will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 24, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

(See attached Electronic Mail Notice List)

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On March 24, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Jared Hunter Scarth
31222 Mangrove Dr
Temecula, CA 92592

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 24, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 24, 2023 | Carolyn K. Howland | */s/ Carolyn K. Howland* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

# Mailing Information for Case 6:23-bk-10960-WJ

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Rod Danielson (TR)**    notice-efile@rodan13.com
- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Benjamin Heston**    bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
- **Brandon J Iskander**    biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Valerie Smith**    claims@recoverycorp.com
- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov
- **Jennifer C Wong**    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

## Creditor List

Click the link above to produce a complete list of **creditors** only.

## List of Creditors

Click on the link above to produce a list of **all** creditors and **all** parties in the case. User may sort in columns or raw data format.