**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
100 Bayview Circle #100
Newport Beach, CA 92660
Tel: 951.290.2827
Fax: 949.288.2054
*ben@nexusbk.com*

Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>JARED HUNTER SCARTH,<br><br>Debtor. | Case No.: 6:23-bk-10960-WJ<br><br>Chapter 13<br><br>**OPPOSITION TO PROMINENCE CAPITAL PARTNER'S MOTION TO DISMISS FOR BAD FAITH**<br><br>**Hearing**<br>Date: March 27, 2023<br>Time: 12:00 p.m.<br>Courtroom 304 |

Debtor, Jared Hunter Scarth, hereby opposes the Motion to Dismiss for Bad Faith filed by Prominence Capital Partners as follows:

## STATEMENT OF FACTS

### LINCOLN JAMES INVESTMENT PROPERTIES - CHAPTER 11

Jared Scarth is the former owner of Lincoln James Investment Properties, LLC, which was a holding company for a piece of commercial real estate that housed his business, Scarth & Associates, and another tenant. The building had several million dollars of equity in it. In August of 2017, the property was facing an impending foreclosure by a hard money lender. Scarth was looking for a way to salvage the property and sought the advice of a bankruptcy attorney. Scarth first met Todd Turoci ("T. Turoci") on August 28, 2017 for an initial consultation. At the consultation, T. Turoci

1

assured Scarth that Chapter 11 would give him the opportunity to salvage the property. He told him that it was a "slam dunk case."  T. Turoci quoted Scarth approximately $17,000 for his retainer, which Scarth did not have. T. Turoci asked Scarth a few questions about his personal residence to determine whether there was any equity, and then offered to "loan" him the money for the retainer fee through his company, Western Star Financial ("WSF"). Scarth felt that he had no alternative, and he was not given a reasonable opportunity to consider the transaction or seek advice of other counsel. During the same conversation, T. Turoci mentioned that his brother could loan him more money down the line if it became necessary.

On August 30, 2017, Scarth executed a deed of trust ("WSF Deed of Trust") with The Turoci Firm as trustor and Western Star Financial as the beneficiary in the amount of $20,000, which was notarized by the firm's in-house notary and recorded at 1:39 p.m. that same day[1]. Eleven minutes later, at 1:50 p.m., T. Turoci filed the Chapter 11 petition[2].

On September 21, 2017, T. Turoci filed an application to be employed as counsel for the Debtor-in-Possession ("Employment Application").[3] The application, at best, makes a passing mention of the WSF Deed of Trust. At Paragraphs 11, 12, and 15 of the Employment Application, it states:

> 11.    The Firm received a retainer payment in the amount of $17,000 from Jared Scarth, Debtor's owner and managing member, inclusive of the $1,717 filing fee.  The amount of fees and costs incurred pre-filing totaled $5,156.41 not including the filing fee.  The Firm deducted the sum of $5,156.41 for services rendered and the sum of $1,717 for the filing fee prior to the chapter 11 filing from the retainer, leaving $10,126.59 in trust.

> 12.    The Firm has not received any lien or other interest in Debtor's property, or that of any third party to secure payment of its professional fees, *other than the retainer referenced in the preceding paragraph*.

---

[1]    Attached hereto as Exhibit A is a true and correct copy of the Western Star Financial Deed of Trust.

[2]    Attached hereto as Exhibit B is a true and correct copy of the first page of the Chapter 11 petition.

[3]    Attached hereto as Exhibit C is a true and correct copy of the Employment Application.

15.    Debtor's owner Jared Scarth and his spouse Victoria Scarth have personally guaranteed the fees and costs of Debtor.

See Employment Application, page 4.

On October 5, 2017, the United States Trustee ("UST") filed an Objection to the Employment Application[4]. The Objection specifically references the "guarantee", but makes no reference to the WSF Deed of Trust. On November 2, 2017, T. Turoci filed a Reply to the UST's Objection[5] which states:

> "Applicant waives the personal guarantee of Jared and Victoria Scarth in retainer agreement and the subsequent provision in paragraph 15 of the employment application."

See Reply to Objection to Employment Application, page 2.

Again, there is no mention of the WSF Deed of Trust. However, this "waiver" accomplished T. Turoci's goal of getting the US Trustee off his back, and the Application to Employ was granted shortly thereafter.

Almost immediately after the Chapter 11 case was commenced, the Debtor-in-Possession was running low on funds. T. Turoci suggested to Scarth that he take out another loan and put him in touch with his brother, Christopher Turoci ("C. Turoci"), who held himself out to be the owner of some kind of a lending institution, Prominence Capital Partners, LLC ("PCP"). Scarth had a short phone call with C. Turoci who had been expecting his call and had been told all of the circumstances of the Chapter 11 case and Scarth's personal affairs that he had only disclosed to his attorney in confidence. On or about October 2, 2017, Scarth executed a deed of trust, assignment of rents, security agreement, and fixture filing with PCP named as the beneficiary ("PCP Deed of Trust")[6]

---

[4]    Attached hereto as Exhibit D is a true and correct copy of the UST's Objection to the Employment Application.

[5]    Attached hereto as Exhibit E is a true and correct copy of the Reply to the UST's Objection to the Employment Application.

[6]    Attached hereto as Exhibit F is a true and correct copy of the PCP Deed of Trust.

which was recorded against the Mr. Scarth's residence on October 5, 2017.

According to records obtained from the California Department of Financial Protection and Innovation ("DFPI") and the Nationwide Multi-State Licensing System and Registry ("NMLS"), PCP did not obtain its lending license until two months after this transaction, on December 8, 2017.[7] According to records obtained from the NMLS, C. Turoci was not licensed until September 7, 2021.[8]

This was not the first time that C. Turoci had dubious dealings with his brother's businesses. On July 30, 2013, C. Turoci filed a Chapter 7 bankruptcy in the Los Angeles Division (case no: 2:13-bk-29197-BB)[9] primarily to discharge several debts relating to a FINRA arbitration award which he scheduled as totaling approximately $2 million. On his Statement of Financial Affairs, page 35, he states that he sold an investment property in Kentucky to Western Star Financial for $80,000 to pay off some non-dischargeable tax debts, but he did not disclose that Western Star Financial is his brother's business.

The case did not last long beyond this point. On December 5, 2017, the hard money lender filed a Motion for Relief from Stay which was granted on December 28, 2017. A motion to convert to Chapter 7 was filed the following day, and the case was shortly thereafter closed as a no-asset case.

### JARED AND VICTORIA SCARTH - CHAPTER 7

Following the relief from stay, Jared and Victoria Scarth were advised that filing bankruptcy individually might delay the foreclosure, and would discharge any lingering personal guarantees on the business debts. The first Chapter 7 case was filed as a

---

[7]  Attached hereto as Exhibit G is a true and correct copy of PCP's licensure status that was obtained from the websites for the California DFPI and the NMLS.

[8]  Attached hereto as Exhibit H is a true and correct copy of Chris Turoci's licensure status obtained from the website for the NMLS.

[9]  Attached hereto as Exhibit I is a true and correct copy of Christopher Turoci's Chapter 7 Petition.

skeletal petition on January 17, 2018. On January 31, 2018, the Scarths, through their attorney, filed what was believed to be the remaining case commencement documents. Due to an error in compiling the PDF for e-filing, there was a page missing from the means test, which caused the case to be dismissed for failure to file case commencement documents.

The Scarths then re-filed their case on April 18, 2018, and they timely received their discharge on July 30, 2018. This case lingered on for quite some time while the Chapter 7 Trustee, Robert Whitmore, attempted to liquidate a property in Maryland. In the end, the Maryland property was foreclosed on, and the Trustee administered approximately $6,000 of cash that was tendered as buy-back for non-exempt equity in one of the Debtors' vehicles.

### SCARTH & ASSOCIATES - CHAPTER 7

In November of 2019, the Scarths filed a Chapter 7 bankruptcy for Scarth & Associates, which was their business that had been the core of their financial struggles over the past several years. As stated above, Lincoln James Investment Properties was merely a holding company for their commercial real estate, but it did not do any business on its own, other than collect rent.

### POST-BANKRUPTCY EVENTS

After the business failed, the Scarths moved on with their lives. They were of the understanding that since the business failed and they had received a Chapter 7 discharge, they were no longer obligated to pay any resulting debts. It was not until May of 2020 that the Scarths heard anything from C. Turoci regarding the PCP Deed of Trust. C. Turoci informed them that the debt was not discharged and that he would move to have their residence foreclosed on if they didn't pay him. The Scarths immediately started making payments to C. Turoci. Despite receiving these payments,

C. Turoci filed a Notice of Default in July of 2020. The Scarths continued making payments until C. Turoci recorded another Notice of Default in November of 2022. After C. Turoci recorded a Notice of Trustee Sale, the Scarths sought the advise of an attorney to assist them.

Throughout this time, C. Turoci would threaten the Scarths, and would often invoke his brother's name in these threats. These threats continue to this day. Immediately after the instant Chapter 13 case was filed, C. Turoci sent an email to the Scarths which acknowledged that he was prohibited from communicating with them[10]. However, on March 24, C. Turoci sent the Scarths a text message which reads:

> **"Hello Scarths. Today (as soon as possible) would be the day for you to respond to the offer (or not). Don't get yourselves put in a bad spot again."**[11]

## POINTS AND AUTHORITIES

Many courts have cited various factors that should be considered for the good/bad faith analysis, however, it has been universally held that it is a *wholistic* inquiry and that no single factor should be determinative. As the Ninth Circuit stated in Goeb v. Heid 675 F.2d 1386, 1391 (9th Cir. 1982):

> In this case, some facts strongly suggest that the Goebs proposed their plan in good faith. They did not elect Chapter 13 over Chapter 7 to cheat their creditors: their plan would repay secured and priority creditors in full, which might not have occurred under Chapter 7; and apparently the unsecured creditors would have received nothing under Chapter 7. Moreover, the plan does not leave the Goebs any surplus.
>
> In finding bad faith, the bankruptcy court relied exclusively on the facts that (1) the Goebs elected to proceed under Chapter 13 to take advantage of an incidental feature of that chapter (deferring payment of back taxes), and (2) they did not intend to substantially repay unsecured creditors. In re Goeb, 4 B.R. at 736-37. Although these two considerations are relevant, they are not determinative. Unless the court can muster other evidence of bad faith

---

[10]    Attached hereto as Exhibit J is a true and correct copy of the email which was sent to the Scarths.

[11]    Attached hereto as Exhibit K is a true and correct screenshot of this text message. The text message that it above the one quoted was sent prior to the bankruptcy case being filed.

on remand, it must confirm the Goebs' proposed plan.

Goeb v. Heid, 675 F.2d 1386, 1391 (9th Cir. 1982).

Here, Prominence Capital Partners has listed the following facts as indicia of bad faith:

1. Debtor has been involved in four other bankruptcy cases;

2. There were errors in some of the schedules filed in the Chapter 7 case;

3. The instant petition was filed on the eve of a foreclosure;

4. Debtor's counsel is not Gary Saunders;

5. The case was filed at approximately 1:30 a.m.;

6. Either the State Court action or the bankruptcy are meritless;

**The Prior Bankruptcy Cases**

As stated above, the prior bankruptcies all had their own purposes which are only tangentially related to Debtor's current financial woes. The Lincoln James Chapter 11 case was filed to prevent the business's sole asset from being foreclosed on. Scarth was advised by T. Turoci that this was a viable strategy. Ultimately, these efforts fell short, and the case failed. This outcome is not at all unusual - Chapter 11 cases have always had a very low success rates. Nothing about the Lincoln James Chapter 11 case suggests that it was anything more than whole-hearted and good faith, yet failed attempt to save the business.

After the Chapter 11 case failed, the Debtor and his wife were advised that filing individual Chapter 7 cases would potentially stop orthe foreclosure or provide a means for having the foreclosure reversed, and that even if there was nothing that could be done about the foreclosure, they would still have their personal liabilities discharged. The first Chapter 7 case that was filed in January was quickly dismissed due to the attorney's office inadvertently omitting a single page of the petition. This was completely

7

beyond the Debtors' control. After the dismissal, they immediately re-filed and timely received their discharge.

PCP's Motion argues that bad faith is shown because a potential lawsuit for wrongful foreclosure was not scheduled as an asset in this case. However, the potential lawsuit was disclosed on Schedule A. It is true that this should have been listed on Schedule B as a potential claim, but this is something that their attorney should have done. From the Debtor's perspective, it was disclosed.

PCP's Motion argues that bad faith is shown because the debt owed to PCP was listed as unsecured. At this point in time, Debtor believed it was unsecured. It was not until Debtor and his wife started receiving threatening emails and letters that they became aware of the full nature of the claim.

In November of 2019, the Debtor and his wife put the final nail in the coffin and filed a Chapter 7 case for their now-defunct business, Scarth & Associates. This was a very simple no-asset case.

### The Current Bankruptcy Case

On March 13, 2023, the Debtors filed an action in State Court alleging several causes of action. The essence of the matter is that the Debtor is seeking to have the WSF and PCP Deeds of Trust invalidated or rendered unenforceable. Debtor sought to file the instant bankruptcy proceeding to retain the *status quo*. Late in the evening, Debtor contacted Benjamin Heston, who was referred to him by another attorney. After making several calls that went to Mr. Heston's voicemail, the two got in touch somewhere between 10 or 11 pm. After they spoke, Mr. Heston requested a great deal of additional information and documentation in order to make a determination as to whether he could and would file the case. Over the next two hours or so, Debtor provided Heston with information regarding his debts, assets, income, and various other bits of information regarding his financial affairs. Mr. Heston reviewed this information along

1   with pulling certain documents from the prior bankruptcy cases and reviewing the

2   County Recorder's docket. This pre-filing inquiry was completed at around 1:00 a.m.,

3   and then the case was filed.

4       Although filing a bankruptcy on the eve of a foreclosure can be relevant to the

5   good/bad faith analysis, it is not determinative.[12] Bankruptcy cases are routinely filed on

6   the heels of some kind of debt collection event, such as wage garnishment, bank levy,

7   repossession, or foreclosure. This trend is more indicative of debtors properly viewing

8   bankruptcy as a last resort, rather than a first line of defense. As stated by the Ninth

9   Circuit in HSBC Bank USA v. Blendheim[13]:

> According to the court, the Blendheims "do not appear to be serial 'repeat filers' [who are] systematically and regularly abusing the bankruptcy system." And with respect to the automatic stay, the court stated: "Although the Chapter 13 filing appears to be motivated by Debtors' wish to avoid the foreclosure sale of their Residence, the Court does not find that filing for Chapter 13 bankruptcy under those circumstances necessarily constitutes bad faith." It explained, "[m]any Chapter 13 debtors file for bankruptcy on the eve of foreclosure sale as a last resort." The bankruptcy court did not clearly err in concluding that the Blendheims filed their Chapter 13 petition in good faith on these facts.

17  HSBC Bank USA v. Blendheim, 803 F.3d 477, 501 (9th Cir. 2015).

18      It is unclear what exactly PCP is trying to suggest based on the fact that Gary

19  Saunders did not file this case. Although Mr. Saunders used to be a frequent bankruptcy

20  practitioner, he has since switched gears and has been working in somewhat related

21  practice areas, including wrongful foreclosure. Bankruptcy practitioners are not "in for a

22  penny, out for a pound" and they are not obligated to take on a case merely because they

23  had previously represented someone.

24      Debtor's first showing of good faith is his Chapter 13 Plan filed on March 22 as

---

[12] See In re Patlan, 12-11743, at *1 (B.A.P. 9th Cir. Aug. 25, 2012) ("In this case, Patlan clearly has every intent to reorganize and her filing was clearly in good faith. She is not required, in the name of good faith, to stand by silently and lose her home.").

[13] HSBC Bank USA v. Blendheim, 803 F.3d 477 (9th Cir. 2015).

docket #24 that provides for full payment of all liens, including those of WSF and PCP. Debtor intends to continue his efforts to have these liens rendered void. At this early stage, it is unclear whether this will be done in the State Court or through the Bankruptcy Court via claim objections. Debtor has not filed this case out of ill-will or spite. His ultimate goal is to save his house from being foreclosed on. If he is unsuccessful in having these liens invalidated, he will continue to make his Chapter 13 payments until the plan is completed.

Debtor and his Counsel are still preparing the remaining documents which will show that Debtor's case is feasible and complies with all the necessary requirements for confirmation. These documents will be filed prior to the hearing on this Motion.

## **CONCLUSION**

It is very clear that Christopher Turoci does not want himself or his company to be involved in this case or before this Court. Since "not wanting to be in bankruptcy" is not a valid basis for seeking dismissal or denial of confirmation, he has opted to grasp at straws and conure up this "bad faith" argument.

Debtor has filed this bankruptcy case to retain the home that he lives in with his wife and eight children. For several years now, they have been a victim of Christopher Turoci's unhinged and above-the-law debt collection antics. The Court should disregard his arguments and allow the Debtor to proceed toward confirmation.

Respectfully submitted,

**NEXUS BANKRUPTCY**

Date: March 24, 2023

**BENJAMIN HESTON**,
**Attorney for Debtor**

10

## DECLARATION OF JARED SCARTH

I, Jared Scarth, declare as follows:

1. I am the Debtor in this Chapter 13 bankruptcy case. I have personal knowledge of all matters stated herein. On all matters stated on information and belief, I believe those allegations to be true. I could competently testify to the allegations contained herein.

2. I have read and reviewed the attached Opposition to Prominence Capital Partner's Motion to Dismiss for Bad Faith. The facts stated therein are true, complete, and accurate.

3. I have read and reviewed the Declaration of Christopher Turoci regarding payments made on the deed of trust. To the best of my knowledge, the amounts due, the due dates, and the payments received are all accurate. However, I dispute that the running balances and enforceability of the debt.

4. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: March 24, 2023

JARED SCARTH

## __DECLARATION OF BENJAMIN HESTON__

I, Benjamin Heston, declare as follows:

1. I am the attorney for the Debtor in this Chapter 13 bankruptcy case. I have personal knowledge of all matters stated herein. On all matters stated on information and belief, I believe those allegations to be true. I could competently testify to the allegations contained herein.

2. On March 13, 2023, I received several calls to my office line which were forwarded to my personal cell phone. At first, I ignored the calls given that it was sometime between 10:00 or 11:00 p.m. Eventually, I picked up and spoke with Jared Scarth. We discussed his case briefly, and I requested that he provide me with further information so that I could more carefully consider whether I would represent him. Over the next two hours or so, Mr. Scarth provided me with a variety of documents and other details about his financial situation.

3. Ultimately, I found that his case was suitable for Chapter 13, and I went forward and filed his petition with the Court.

4. Attached to this Opposition are true and correct copies of several documents which I have obtained from online sources, such as the websites for the California Secretary of State, the California Department of Financial Protection and Innovation, the Nationwide Multi-State Licensing System and Registry, and Pacer.gov. Prior to the hearing on this Motion, I will be filing a supplemental declaration to more accurately authenticate these exhibits.

5. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: March 24, 2023

BENJAMIN HESTON

12

# EXHIBIT A

**2017-0360327**

RECORDING REQUESTED BY:
**WESTERN STAR FINANCIAL, INC.**

08/30/2017 01:39 PM Fee: $ 65.00
Page 1 of 6
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

*66.50*

WHEN RECORDED MAIL TO:
**3845 Tenth Street**
**Riverside, CA 92501**
*The Turoci Firm*

| | | | | | R | A | Exam: *782* |
|---|---|---|---|---|---|---|---|
| 478 14 | | | | | | | |
| Page | DA | PCOR | Misc | Long | RFD | 1st Pg | Adtl Pg | Cert | CC |
| *6* | *2* | | | | | | |
| SIZE | NCOR | SMF | NCHG | T: | | | |

ORDER NO.
ESCROW NO. ·

SPACE ABVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

**APN: 961-430-054-2**

**This Deed of Trust**, made this 30th day of **August, 2017**, between **Jared Scarth** herein called **TRUSTOR**, whose address is **31222 Mangrove Dr., Temecula California 92592**, The Turoci Firm, Inc., a California Corporation, herein called **TRUSTEE**, and Western Star Financial, Inc. herein called BENEFICIARY, Witnesseth: That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE**, that property in Riverside County, California, described as:

**31222 Mangrove Dr., Temecula California 92592**

**For complete legal description, additional terms and conditions, see exhibit "A" attached hereto.**

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $20,000.00 executed by Trustor in favor of Beneficiary by order. 3. Payment of such further sums as  the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded under date, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glen | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego | Series 2, Book 1961, Page 183887 | | | | |

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

**SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE**

ORDER NO.
ESCROW NO.

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

X _____  8/30/17

Signature of Trustor

**Jared Scarth** _____

Print Name of Trustor

X _____

Signature of Trustor

_____

Print Name of Trustor

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document.

---

DATE: 8/30/17

STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

On 8/30/17 before me, Dana R Cormey, Notary Public , a
Notary Public, personally appeared Jared Scarth

who proved to me on the basis of satisfactory evidence to be the person(s), whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____

Signature

DANA R. CORMEY
Commission # 2126907
Notary Public - California
Riverside County
My Comm. Expires Oct 29, 2019

(Seal)

2

## ALL CAPACITY ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF _California_

COUNTY OF _Riverside_

On _8/30/2017_ before me, _Dana R Cormey, Notary Public_
(Date)                                      (Name and title of the officer)

personally appeared _Jared Scarth_
(Name of person signing)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of officer

DANA R. CORMEY
Commission # 2128907
Notary Public - California
Riverside County
My Comm. Expires Oct 29, 2019

(Seal)

Rev. 01/01/2015

# EXHIBIT A

All that certain real property situated in the County of Riverside, State of California, described as follows:

PARCEL 1:

Lot 56 of Tract No. 31946, in the City of Temecula, as shown on map recorded in Book 421, Pages 28 to 36 of Maps, in the office of the County Recorder of said County.  All defined terms used herein shall have the meanings set forth in the Master Declaration referred below.

EXCEPT therefrom all oil, gas, minerals and other hydrocarbon substances lying below a depth shown below but with no right of surface entry, as provided in deeds of record
Depth:              500 feet

PARCEL 2:

A non-exclusive easement, in common with other others, for ingress, egress, use and enjoyment over, in, to and throughout the Master Association Property and over, in, to and throughout the Master Association Property of the other phases of the property described in the Master Declaration, which easements are appurtenant to Parcel 1 described above, subject to the provisions of the Master Declaration.  This easement shall become effective as to each of said other phases, respectively, upon (I) recordation of a Supplementary Declaration, declaring such phases, respectively, to be subject to the Master Declaration, and (II) conveyance of the first residential lot in each respective phase, all as more fully set forth in the Master Declaration.  The Master Association Property referred to herein as to each of such phases shall be described on the Supplementary Declaration covering each such phase recorded in the office of the County Recorder of said County.  This non-exclusive easement is further subject to any exclusive or non-exclusive easements reserved in the Master Declaration and this Grant Deed.

PARCEL 3:

A non-exclusive easement, in common with other owners, for ingress, egress use and enjoyment over, in, to and throughout the Association Property and over, in, to and throughout the Association Property of the other phases of the property described in the Declaration of Covenants, Conditions and Restrictions of the Reflections and Enclave at Temecula Lane recorded in the office of the County Recorder of said County on May 30, 2007as Instrument No. 2007-0353199 of Official Records, which easements are appurtenant to Parcel 1 described above, subject to the provisions of the Declaration.  This easement shall become effective as to each of said other phases, respectively, upon (I) recordation of a Supplementary Declaration, declaring such phases, respectively, to be subject to the Declaration, and (II) conveyance of the first residential unit in each respective phase, all as more fully set forth in the Declaration.  The Association Property referred to herein as to each of such phases shall be described on the Supplementary Declaration covering each such phase recorded in the office of the County Recorder of said County.  This non-exclusive easement is further subject to any exclusive or non-exclusive easements reserved in the Declaration and this Grant Deed.

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

ORDER NO.
ESCROW NO.

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein. **To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1)  To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violations of law to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(2)  To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3)  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suite brought by Beneficiary to foreclose this Deed.

(4)  To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior of superior hereto, all costs, fees and expenses of this Trust. Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5)  To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6)  That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7)  That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his rights either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8)  That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey any part of said property, consent to the making of any map or plot thereof, join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9)  That upon written request of Beneficiary state that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto". Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10)  That as additional security, Trustor hereby give to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees. Upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11)  That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder. Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(12)  Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor. Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13)  That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby whether or not named as Beneficiary herein in this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14)  That Trustee accepts this Trust when this Deed, duly executed and acknowledged and is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary of Trustee shall be a party unless brought by Trustee.

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

4

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS
## DO NOT RECORD

ORDER NO.
ESCROW NO.

### REQUEST FOR FULL RECONVEYANCE

To be used only when note has been paid:

To _____, Trustee

Dated _____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

By _____

By _____

**MAIL RECONVETANCE TO:**

_____
_____
_____
_____

**ALL SIGNATURES TO THIS DOCUMENT MUST BE NOTARIZED**

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

<table>
<tr><td colspan="2"><strong>Fill in this information to identify your case:</strong></td></tr>
</table>

United States Bankruptcy Court for the:

CENTRAL DISTRICT OF CALIFORNIA

Case number *(if known)* _____    Chapter    **11**

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          **4/16**

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Lincoln James Investment Properties, LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **46-1704246** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | Principal place of business | Mailing address, if different from principal place of business |
| | | **27310 Madison Ave, STE 103**<br>**Temecula, CA 92590**<br>Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Riverside**<br>County | Location of principal assets, if different from principal place of business |
| | | | Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

**THE TUROCI FIRM**
Todd L. Turoci (State Bar No. 160059)
Julie Philippi (State Bar No. 166108)
3845 Tenth Street
Riverside, CA 92501
Telephone (888) 332-8362
Facsimile (866) 762-0618
mail@theturocifirm.com
Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# RIVERSIDE DIVISION

In re:

LINCOLN JAMES INVESTMENT
PROPERTIES, LLC,

Debtor and Debtor in Possession.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Chapter 11
Case No. 6:17-bk-17285WJ

**MOTION OF DEBTOR FOR AUTHORITY
TO EMPLOY THE TUROCI FIRM AS
GENERAL BANKRUPTCY COUNSEL;
DECLARATIONS OF TODD TUROCI AND
JARED SCARTH IN SUPPORT THEREOF**

[11 U.S.C. § 330 and LBR 2014-1]

[No Hearing Required]

**TO THE HONORABLE WAYNE JOHNSON, UNITED STATES BANKRUPTCY
JUDGE, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

**LINCOLN JAMES INVESTMENT PROPERTIES, LLC,** Debtor and Debtor in

Possession herein ("Debtor"), for the Chapter 11 estate in the above-captioned bankruptcy case,

hereby moves this Court for an order authorizing it to employ The Turoci Firm (the "Firm") as

general bankruptcy counsel pursuant to the provisions of 11 U.S.C. section 330 and Local

Bankruptcy Rule 2014-1. In support thereof, Debtor respectfully represents as follows:

1.      The Petition commencing this case under Chapter 11 of the Bankruptcy Code was

filed on August 30, 2017.

1

2.    Notice of this Motion is being given in accordance with the rules of the court.
Approval of employment is being requested as of August 30, 2017 (the Petition Date). This
motion is being submitted within 30 days of the proposed employment date and is therefore
timely.

3.    It is necessary for Debtor to engage the services of experienced insolvency counsel
to ensure that Debtor receives adequate legal advice and representation in its bankruptcy case.

4.    Debtor has selected the Firm to be its bankruptcy counsel to represent Debtor
before the court and to perform legal services on its behalf. Debtor selected the Firm because of
the considerable experience of its principal in all aspects of bankruptcy law as well as other areas
of law that may become relevant during the pendency of Debtor's bankruptcy case. All attorneys
employed by or associated with the Firm who will render services in this case are duly admitted
to practice law in the Courts of the State of California and in the United States District Court for
the Central District of California. A copy of the Firm's resume is attached hereto as Exhibit 1.

5.    Debtor requires the services of the Firm to render the following types of
professional services:

a.    To advise and assist Debtor with respect to compliance with the
requirements of the United States Trustee;

b.    To advise Debtor regarding matters of bankruptcy law, including the rights
and remedies of Debtor in regards to its assets and with respect to the claims of creditors;

c.    To represent or assist Debtor in any proceedings or hearings in the
bankruptcy court and in any action in any other court where Debtor's rights under the Bankruptcy
Code may be litigated or affected;

d.    To conduct examinations of witnesses, claimants, or adverse parties and to
prepare and assist in the preparation of reports, applications, motions, orders, accounts, other
legal papers, and pleadings related to this Chapter 11 case;

e.    To advise Debtor concerning the requirements of the Bankruptcy Code and
applicable rules;

f.    To advise and assist Debtor with respect to its powers and duties in the
continued operation of Debtor's business and management of property of the estate;

2

g.      To advise and assist Debtor in the administration of the estate's assets and liabilities;

h.      To represent Debtor with regard to the preparation of a disclosure statement and the negotiation, formulation, confirmation, and implementation of a Chapter 11 plan of reorganization; and

i.      To take such other actions and perform such other services as may be required in with this Chapter 11 case.

6.      The Firm is a disinterested person within the meaning of 11 U.S.C. section 101(14). Furthermore, the Firm is not a creditor of the estate and does not have an interest to Debtor's estate in accordance with 11 U.S.C. section 327.

7.      The Firm does not represent any other individual or entity having an interest materially averse to Debtor in connection with this bankruptcy case. The Firm has not represented any of Debtor's creditors.

8.      None of the attorneys comprising or employed by the Firm are related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or to any person employed in the Office of the United States Trustee.

9.      The Firm will render services to Debtor at the Firm's regular hourly rates, which may be subject to adjustment in the future, as follows:

| **Attorneys** | **Hourly Rate** |
| --- | --- |
| Todd Turoci | $500 |
| Julie Philippi | $400 |
| Michael Ortiz | $275 |

| **Law Clerks/Paralegals** | **Hourly Rate** |
| --- | --- |
| Daisy Diaz | $175 |
| Dana Cormey | $175 |
| Jessica Stuhlmiller | $175 |
| Adela Salgado | $175 |

10.     The Firm also proposes to charge for its actual and necessary out-of-pocket expenses for long distance telephone calls, messenger charges, overnight mail costs, postage, parking expenses, court reporter fees, charges by the Clerk of the Bankruptcy Court, witness and mileage fees as

3

required by statute, and expenses for the service of process when necessary. Additionally, the Firm proposes to charge as out-of-pocket expenses the following items at the following rates:

| | |
|---|---|
| Photocopies | $0.20 per page |
| Mileage | Standard IRS Mileage Rate (currently $0.535 per mile) |

11.    The Firm received a retainer payment in the amount of $17,000 from Jared Scarth, Debtor's owner and managing member, inclusive of the $1,717 filing fee. The amount of fees and costs incurred pre-filing totaled $5,156.41 not including the filing fee. The Firm deducted the sum of $5,156.41 for services rendered and the sum of $1,717 for the filing fee prior to the chapter 11 filing from the retainer, leaving $10,126.59 in trust.

12.    The Firm has not received any lien or other interest in Debtor's property, or that of any third party to secure payment of its professional fees, other than the retainer referenced in the preceding paragraphs.

13.    Although the retainer agreement provides for payment of services as they are performed, the Firm is NOT seeking post-petition or monthly payments from Debtor. Post-petition fees will be paid only after court approval of an appropriate fee application submitted pursuant to 11 U.S.C. sections 330 and 331. A true and correct copy of the retainer agreement is attached hereto as Exhibit 2.

14.    The Firm will comply with the Guide to Application for Retainers and Professional and Insider Compensation promulgated by the Office of the United States Trustee, as well as any other applicable employment guidelines and fee guidelines in withdrawing the pre-petition retainer funds.

15.    Debtor's owner Jared Scarth and his spouse Victoria Scarth have personally guaranteed the fees and costs of Debtor.

///

///

///

///

4

**THEREFORE,** Debtor respectfully requests that the Court issue an order authorizing the employment of The Turoci Firm as Debtor's bankruptcy counsel effective as of the Petition Date on the terms and conditions set forth in this application and for such other and further relief as is just and proper.

Dated: 8/30/17

Jared Scarth, Managing Member
Lincoln James Investment Properties, LLC
Debtor and Debtor in Possession

Dated: 9/15/17

THE TUROCI FIRM

Todd Turoci
Attorney for Lincoln James Investment
Properties, LLC
Debtor and Debtor in Possession

# DECLARATION OF JARED SCARTH

I, Jared Scarth, declare and state as follows:

I am the sole owner and managing member of Lincoln James Investment Properties, LLC ("LJIP"), the debtor herein. I have personal knowledge of the facts alleged herein and if called upon as a witness, I could and would competently testify thereto.

1. On or about August 28, 2017, I executed a retainer agreement with The Turoci Firm to represent LJIP in a voluntary chapter 11 bankruptcy proceeding.

2. On or about August 28, 2017, I paid $17,000 to The Turoci Firm as a retainer for its services in this chapter 11 proceeding. I understand that even though I paid the retainer personally, I am not the client and The Turoci Firm has no duty or responsibility to me personally.

3. I understand that the $17,000 was billed against for all pre-filing services and the filing fee. All fees and services incurred post-filing will be billed at the hourly rates indicated in the retainer agreement but are subject to court approval.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _9/20/2017_

Jared Scarth

## DECLARATION OF TODD TUROCI

I, Todd Turoci, declare and state:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.

2. I am a Certified Bankruptcy Specialist, licensed to practice before all the court of the State of California, and in the United States Bankruptcy Court for the Central District of California. I am the owner and principal of The Turoci Firm (the "Firm"), proposed general counsel for Lincoln James Investment Properties, LLC ("Debtor"), the Chapter 11 debtor and debtor in possession in the above captioned case.

3. The Firm is experienced in bankruptcy law, including debtor/creditor matters. It is competent to perform the requisite legal services in this case. A true and correct copy of the Firm's resume is attached hereto as Exhibit 1. All of the Firm's attorneys and paralegals who will work on this case are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules, and will comply with the Code and the Rules.

4. The Firm and I are "disinterested persons" within the meaning of 11 U.S.C. section 101(14). We are not creditors, equity security holders, or insiders of Debtor; we are not and were not, within two years before the date of the filing of the petition, directors, officers or employees of Debtor; and we do not have interests materially averse to the interest of the estate, or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor or for any other reason. The Firm and I do not hold or represent an interest averse to the estate. None of the attorneys comprising or employed by the Firm are related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or to any person employed in the Office of the United States Trustee.

5. In light of the foregoing, I do not believe there is any conflict in the Firm's representation of Debtor.

6. The Firm does not have a prepetition claim against Debtor's estate. The Firm has not received any lien or other interest in Debtor's property, or that of any third party to secure payment of its professional fees, other than the retainer referenced in the preceding paragraphs.

7. The Firm received a retainer payment of $17,000 from Jared Scarth, Debtor's owner and managing member, prior to the bankruptcy filing, which included the $1,717 filing fee. The amount of fees and costs incurred pre-filing totaled $5,156.41, not including the filing fee. We deducted $5,156.41 for pre-petition services rendered and $1,717 for the filing fee prior to the chapter 11 filing from the retainer, leaving $10,126.59 in trust.

8. A true and correct copy of the retainer agreement is attached hereto as Exhibit 2. Although the retainer agreement provides for payment of services as they are performed, the Firm is **NOT** seeking post-petition or monthly payments from Debtor. Post-petition fees will be paid only after court approval of an appropriate fee application submitted pursuant to 11 U.S.C. sections 330 and 331.

9. The Firm and I will comply with the *Guide to Application for Retainers and Professional and Insider Compensation* promulgated by the Office of the United States trustee, as well as any other applicable employment guidelines and fee guidelines.

10. The Firm's proposed compensation is:

| **Attorney** | **Hourly Rate** |
| --- | --- |
| Todd Turoci | $500 |
| Julie Philippi | $400 |
| Michael Ortiz | $275 |
| **Paralegals/Law Clerks** | **Hourly Rate** |
| Daisy Diaz | $175 |
| Dana Cormey | $175 |
| Jessica Stuhlmiller | $175 |
| Adela Salgado | $175 |

11. The Firm also proposes to charge for its actual and necessary out-of-pocket expenses for long distance telephone calls, messenger charges, overnight mail costs, postage, parking expenses, court reporter fees, charges by the Clerk of the Bankruptcy Court, witness and mileage fees as required by statute, and expenses for the service of process when necessary. Additionally, the Firm proposes to charge as out-of-pocket expenses the following items at the following rates:

| | |
|---|---|
| Photocopies | $0.20 per page |
| Mileage | Standard IRS Mileage Rate |
| | (currently $0.535 per mile) |

12. The Firm and I have not made any arrangements for the sharing of fees with any other person or entity.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 9/15/17

Todd Turoci

# THE TUROCI FIRM

3845 Tenth Street
Riverside, California 92501
Tel: 951-784-1678 I Fax: 866-762-0618

THE TUROCI FIRM (the "Firm") is owned and operated by Todd Turoci. The Firm limits its practice to the field of bankruptcy, insolvency, workouts and related civil litigation matters. The Firm has offices in the counties of Riverside, Los Angeles, and San Bernardino. The Firm primarily represents consumers and businesses as debtors and debtors-in-possession in Chapters 7, 11, and 13.

## DESCRIPTION OF QUALIFICATIONS OF FIRM'S ATTORNEYS

**Todd L. Turoci – *Principal Attorney*:** certified by the State Bar of California as a specialist in Bankruptcy Law, 2016; admitted to the State Bar of California, 1992; Central District of California, 1993; Southern District of California, 1995; and Eastern District of California, 1995. University of the Pacific, McGeorge School of Law, Sacramento, CA (J.D. 1992). Webster University, St. Louis, MO (M.A. Business 1988). California State University, San Bernardino, CA (B.A. Economics 1985).

Mr. Turoci's Chapter 11 experience consists of several cases, many with confirmed plans of reorganization. *In re American Publishing Corp.,* 6:99-bk-13768, plan confirmed on February 25, 2000, involved a significant number of creditors and annual sales exceeding \$17 million. *In re DiCarlo*, 6:99-bk-12227, plan confirmed on June 27, 2000, involved a family estate primarily consisting two real estate assets. In this matter the debtors sold real property with a value in excess of \$1 million and exchanged it for another investment property utilizing a tax deferred 1031 exchange. *In re Tommy Lee Cooks*, 6:02-bk-27954, involved an estate consisting of over 50 real estate assets. The Chapter 11 case allowed debtor time and relief to successfully sell certain properties, taking advantage of increased market value, and pay his delinquent creditors in full without the need for a confirmed plan of reorganization. *In re: Dansereau Health Products, Inc.*, 6:03-bk-10732, plan confirmed on January 21, 2004, involved a large dental equipment manufacturing corporation which, as a result of a significant decline in business after September 11, 2001, found itself unable to pay its creditors and faced having to close its doors and terminate its employees. After intense litigation and negotiation, a successful plan of reorganization was implemented and over forty (40) employees were able to retain their jobs. *In re Madrid*, 6:15-bk-12646MJ, case involved hotly contested litigation with a secured creditor. *In re BSA International Aerospace, Co.*, 6:15-bk-18644SC, reorganization plan confirmed on June 27, 2016. *In re Coleman*, 6:15-bk-20306MJ, reorganization plan confirmed on October 26, 2016. *In re Pinnacle Innovation, Inc.*, 6:16-bk-10735WJ; *In re CompCare Medical, Inc.,* 6:16-bk-15707SC; *In re B & B Family, Incorporated* 6:16-bk-19993MH; *In re Bernadette Chapman* 6:16-bk-20430MJ; *In re Wayne Rizzi* 6:17-bk-10334WJ; In re Malik and Zobia Asif, 6:17-bk-13853MH; In re Robert & Sharon Phelps 6:17-bk-15310MW.

$Ex.1$

**Julie Philippi - *Senior Associate Attorney*:** admitted to the State Bar of California, 1993; Central District of California, 1993; Southern District of California, 1993; Northern District of California, 1993; and Eastern District of California, 1993. University of California, Berkeley – Boalt Hall School of Law, Berkeley, CA (J.D. 1993). University of South Carolina, Columbia, SC (B.A. 1987).

Ms. Philippi joined the Firm in April 2016. She has represented thousands of debtors in her consumer practice; she had been previously certified as a Specialist in Bankruptcy Law by the California State Bar Association (re-certification pending). She has previously served as staff attorney to the Chapter 13 Trustee; she founded two private law firms; and she is a past president of the Inland Empire Bankruptcy Forum. Ms. Philippi was an extern for the Honorable Robert Timlin at the California Court of Appeal, Fourth District, Division Two in 1992.

**Michael Ortiz – *Associate Attorney*:** admitted to the State Bar of California, 2017; Central District of California, 2017. Arizona State University, Sandra Day O'Connor College of Law, Tempe, AZ (J.D. 2015). Arizona State University, Sandra Day O'Connor College of Law, Tempe, AZ (Intellectual Property Certificate 2015). University of California, Riverside, CA (B.A. 2011).

Mr. Ortiz joined the Firm in 2015. He was a Judicial Extern for the Ninth Circuit Court of Appeal and United States District Court, Central District of California.

### DESCRIPTION OF QUALIFICATIONS OF FIRM'S PARAPROFESSIONALS

**Dana R. Cormey - *Law Clerk*:** Ms. Cormey has over eleven (11) years of bankruptcy experience in Chapters 7, 11, and 13. Ms. Cormey originally joined the Firm in 2008. Southern California Law School in Riverside, CA (JD Candidate, 2017). California State University, San Bernardino in San Bernardino, CA (B.A. 2004). California State University, San Bernardino (Paralegal Certificate 2004).

**Daisy J. Diaz - *Senior Paralegal*:** Ms. Diaz is a senior paralegal with ten (10) years of experience in Chapters 7, 11, and 13. Ms. Diaz joined the Firm in October 2011. Mt. San Jacinto College, San Jacinto, CA (Paralegal Certificate in progress). University of California, Riverside, CA (B.A. in progress).

**Jessica Stuhlmiller - *Paralegal*:** Ms. Stuhlmiller is a paralegal with over six (6) years of experience in Chapter 11's. Ms. Stuhlmiller joined the Firm in November 2016. University of California, Irvine, CA (ABA Paralegal Certificate 2011). University of California, Berkeley, CA (B.A. 2007).

**Adela Salgado - *Paralegal*:** Ms. Salgado joined the Firm in April 2016. Riverside City College, Riverside in Riverside, CA (A.A. 2016).



# THE TUROCI FIRM

3845 Tenth Street
Riverside, CA 92501

Todd Turoci, Attorney
Julie Philippi, Attorney

Telephone: 951-784-1678
Facsimile:  866-762-0618
mail@theturocifirm.com

August 28, 2017

Jared Scarth, Managing Member
Lincoln James Investment Properties, LLC
27310 Madison Ave #103
Temecula CA  92590

## STANDARD CHAPTER 11 RETAINER AGREEMENT

Dear Mr. Scarth:

Please accept this letter as confirmation that you have retained The Turoci Firm (the "Firm") to represent Lincoln James Investment Properties, LLC (LJIP) regarding a Chapter 11 bankruptcy filing.  This agreement is effective on the date the Firm first provided legal services on LJIP's behalf or the date set forth above whichever is later.

The Firm will act as LJIP's reorganization/liquidation counsel, and, in such connection, will render such ordinary and necessary legal services as may be required in connection with the Chapter 11 bankruptcy filing.  This includes assisting LJIP in analyzing its financial situation; providing LJIP with information regarding the potential benefits and detriments of a bankruptcy filing; preparing and filing the voluntary petition, schedules, statement of financial affairs, and the other papers required to be filed to commence a bankruptcy case; advising LJIP with respect to matters concerning executory contracts and leases, cash collateral, creditors' claims and negotiation; assisting LJIP in the preparation and confirmation of a chapter 11 plan of reorganization; representing you in litigation in the bankruptcy court, limited to bankruptcy law issues; and otherwise advising LJIP regarding its legal rights and responsibilities under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

In the event LJIP desires the Firm perform legal services for it other than as described above, LJIP will advise us of such services and if the Firm agrees to undertake the representation, a further retainer letter will be drafted and signed before the additional services are undertaken.

Be aware that we represent LJIP and not Jared Scarth the individual or any individual member or manager of LJIP.

Our current hourly rates for attorney and paralegal time vary depending upon the education and experience level of the individual performing the services. The hourly rates of our professional staff range from $175 per hour to $500 per hour. We keep track of our time in tenths of an hour. LJIP shall be charged for all time incurred by our attorneys and paralegals in handling the case. This includes but is not limited to time spent on or in consultations, appointments, telephone calls, emails, other correspondence, research, drafting, travel time, and court time.

Costs are added when our office advances or incurs expenses. We charge for long distance calls, messengers, and parking at cost. Other common expenses are billed as follows: photocopying at twenty cents ($.20) per page and mileage at the standard IRS rate.

We must receive an executed copy of this agreement before we will file LJIP's bankruptcy petition. We have already received a $17,000 retainer (the "Retainer"). The Retainer will be deposited into our client trust account to be applied in satisfaction of the fees and costs incurred before filing the petition. The remainder of the Retainer, if any, shall remain in the trust account to be drawn down as allowed by the bankruptcy court. The total cost of this Chapter 11 case will exceed the Retainer depending on how complex and litigious the case becomes. Fees in simple cases with little to no conflict can easily reach $40,000 - $50,000. If a case is more complex or there is conflict with creditors, the fees can be substantially higher.

The parties hereto expressly understand and agree that following the filing of the bankruptcy petition, all fees and costs incurred by the Firm for this matter will be subject to review and approval by the bankruptcy court and will be paid from the bankruptcy estate of debtor. The parties agree to cooperate with one another to not unreasonably delay the presentation of any of the Firm's invoices to the bankruptcy court and to use reasonable efforts to seek prompt approval from the bankruptcy court to permit timely payment of the Firm's invoices.

If LJIP's Chapter 11 case is ultimately dismissed for any reason, LJIP will still owe the fees charged by the Firm up to that date. Similarly, if LJIP chooses to replace us with other counsel or we withdraw from representation, LJIP will be responsible for the fees incurred up to that date.

Either party may request that this agreement be terminated at any time, however, the Firm may not terminate this agreement without just cause or except as provided by the Professional Rules of Conduct for attorneys. If LJIP desires to retain another attorney, we agree to cooperate with anyone it chooses to implement an orderly transition. This office will be entitled to fees and reimbursement of costs as provided by this agreement for the transition work. If we want to stop representing LJIP due to reasonable cause, we will give LJIP up to thirty days' notice to retain another attorney. At the end of that time, LJIP agrees to sign a form that will relieve us as its attorneys. The new attorneys can take over from that point.

Please sign the original copy of this letter of agreement to indicate that you have read and understood its contents and return it to the Firm. We assume, and it is expected, that you will ask any questions that you may have before signing it.

While we cannot guarantee results or make representations as to our results, we do guarantee our customer service. If at any time you do not feel that our response to LJIP is as prompt as you feel that it should be or if you do not understand any aspect of LJIP's case, please let us know, and we will promptly schedule a meeting or telephone conference to ensure you are clear on each and every issue in the case.

As always, please do not hesitate to contact us with any questions.

Very truly yours,


THE TUROCI FIRM
Todd Turoci


I have read and understand the terms of this letter agreement, accept and agree to abide by the terms of this agreement and/or to perform my obligations under this agreement.

Dated: August 28, 2017

Jared Scarth, Managing Member
Lincoln James Investment Properties, LLC

I have read and understand the terms of this Retainer Agreement, accept, and agree to abide by the terms of this Agreement to the extent it applies to any guarantor hereunder, and to guaranty the performance of LJIP under this Agreement to the extent that LJIP may be in default of its obligations hereunder at any time in the future.

Dated: August 28, 2017

Jared Scarth

Dated: August 28, 2017

Victoria Scarth

Please sign the original copy of this letter of agreement to indicate that you have read and understood its contents and return it to the Firm. We assume, and it is expected, that you will ask any questions that you may have before signing it.

While we cannot guarantee results or make representations as to our results, we do guarantee our customer service. If at any time you do not feel that our response to LJIP is as prompt as you feel that it should be or if you do not understand any aspect of LJIP's case, please let us know, and we will promptly schedule a meeting or telephone conference to ensure you are clear on each and every issue in the case.

As always, please do not hesitate to contact us with any questions.

Very truly yours,

THE TUROCI FIRM
Todd Turoci

I have read and understand the terms of this letter agreement, accept and agree to abide by the terms of this agreement and/or to perform my obligations under this agreement.

Dated: August 28, 2017                    _____

Jared Scarth, Managing Member
Lincoln James Investment Properties, LLC

I have read and understand the terms of this Retainer Agreement, accept, and agree to abide by the terms of this Agreement to the extent it applies to any guarantor hereunder, and to guaranty the performance of LJIP under this Agreement to the extent that LJIP may be in default of its obligations hereunder at any time in the future.

Dated: August 28, 2017                    _____

Jared Scarth

Dated: August 28, 2017                    _____

Victoria Scarth

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.   My business address is:
**3845 Tenth Street.**
**Riverside, CA 92501**

A true and correct copy of the foregoing document entitled (*specify*):   **MOTION OF DEBTOR FOR AUTHORITY TO EMPLOY THE**
**TUROCI FIRM AS GENERAL BANKRUPTCY COUNSEL; DECLARATIONS OF TODD TUROCI AND JARED SCARTH IN**
**SUPPORT THEREOF** will be served or was served in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and
LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On   **9/21/2017** , I checked the
CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail
Notice List to receive NEF transmission at the email addresses stated below:

- **Candace Carlyon**    ccarlyon@clarkhill.com, Crobertson@clarkhill.com;nrodriguez@clarkhill.com
- **Everett L Green**    everett.l.green@usdoj.gov
- **Richard A Rogan**    rrogan@jmbm.com, jb8@jmbm.com;to1@jmbm.com
- **Todd L Turoci**    mail@theturocifirm.com
- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL**:
On   **9/21/2017** , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary
proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and
addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours
after the document is filed.

☒ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each
person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by
personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be
completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 9/21/2017 | **Adela Salgado** | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**9013-3.1.PROOF.SERVICE**

## Service Information

Lincoln James Investment Properties, LLC
27310 Madison Ave, STE 103
Temecula, CA 92590


United States Trustee
3801 University Ave, Suite 720
Riverside, CA 92501-3200


Jared Scarth
31222 Mangrove Dr
Temecula, CA 92592


Pacific Flooring Company
31222 Mangrove Dr
Temecula, CA 92592


Scarth & Associates
31222 Mangrove Dr
Temecula, CA 92592


TAP Worldwide, LLC
27310 Madison Ave
Temecula, CA 92590


Coast Assessment Service Company
12755 Brookhurst Street, Suite 101
Garden Grove, CA 92842


Coast Assessment Service Company
P.O. Box 972
Garden Grove, CA 92842

Hon. Wayne Johnson
USBC Riverside Division
3420 Twelfth Street, Suite 385
Riverside, CA 92501


### Secured Creditors

Happy Rock Merchant Solutions, LLC
149 W 36th Street
New York, NY 10018

Plaza Bank
18200 Von Karman ave, #500
Irvine, CA 92612


Riverside County Treasurer
P.O. Box 12005
Riverside, CA 92502


### 20 Largest Unsecured Creditors

Frontier Communications
P.O. Box 5157
Tampa, FL 33675


New Way Landscape & Tree Service
7485 Ronson Road
San Diego, CA 92111


Rancho California Water
P.O. Box 9017
Temecula, CA 92589


Southern California Edison
P.O. Box 300
Rosemead, CA 91772-0001

---

This form is mandatory.   It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# EXHIBIT D

PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
EVERETT L. GREEN, SBN 237936
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Avenue, Suite 720
Riverside, CA 92501
Telephone:    (951) 276-6990
Facsimile:    (951) 276-6973
Email:        Everett.L.Green@usdoj.gov

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>LINCOLN JAMES INVESTMENT PROPERTIES, LLC,<br><br><br>        Debtor. | Case No. 6:17-bk-17285-WJ<br><br>CHAPTER 11<br><br>**UNITED STATES TRUSTEE'S OBJECTION TO MOTION OF DEBTOR FOR APPLICATION FOR AUTHORITY TO EMPLOY THE TUROCI FIRM AS GENERAL BANKRUPTCY COUNSEL**<br><br>[Pursuant to LBR 9013-1(o), Request for Hearing] |

-1-

**TO THE HONORABLE WAYNE E. JOHNSON, UNITED STATES BANKRUPTCY COURT JUDGE, DEBTOR, DEBTOR'S PROPOSED COUNSEL, AND ALL PARTIES-IN-INTEREST:**

Peter C. Anderson, the United States Trustee for the Central District of California, Region 16 ("U.S. Trustee"), pursuant to 11 U.S.C. § 330, Federal Rules of Bankruptcy 2014 and Local Bankruptcy Rule 2014-1, hereby objects to the *Motion of Debtor for Authority to Employ The Turoci Firm ("Firm") as General Bankruptcy Counsel (the "Employment Application").*[1]

**I.    ARGUMENT**

**The Firm's Request That The Debtor's Insider Guarantee Its Fees Creates A Potential Conflict.**

The Debtor is a limited liability company.  The Employment Application states that the Debtor's members, Jared Scarth and Victoria Scarth, "have personally guaranteed the fees and costs of Debtor."  *Employment Application* pg. 4, ¶ 15.  Under limited circumstances, some courts permit an insider to <u>fund</u> a debtor's payments to counsel.[2]

But a guarantee agreement by an insider appears to be impermissible.  *See In re Lotus Properties*, 200 B.R. 388, 393-94 (Bankr. C.D. Cal. 1996).

---

[1]    Docket No. 11.  Unless stated otherwise, capitalized terms have the meanings defined in the Employment Application.

[2]    A court may permit an insider to fund a debtor's case if counsel satisfies a five-part test:  (1) the arrangement must be fully disclosed to the debtor/client and the third party payor/insider; (2) the debtor must expressly consent to the arrangement; (3) the third party payor/insider must retain independent legal counsel and must understand that the attorney's duty of undivided loyalty is owed exclusively to the debtor/client; (4) the factual and legal relationship between the third party payor/insider, the debtor, the respective attorneys, and their contractual arrangement concerning the fees, must be fully disclosed to the Court at the outset of the debtor's bankruptcy representation; and (5) the debtor's attorney/applicant must demonstrate and represent to the Court's satisfaction the absence of facts which would otherwise create non-disinterestedness, actual conflict, or impermissible potential for a conflict of interest.  *In re Lotus Properties*, 200 B.R. 388, 393-94 (Bankr. C.D. Cal. 1996) (J., Goldberg).

Other bankruptcy courts in the Central District adopt a *per se* rule against the practice.  *See In re Hathaway Ranch P'ship*, 116 B.R. 208, 219 (Bankr. C.D. Cal. 1990)

The Employment Application lacks information to allow the Court to assess whether a potential or actual conflict exists.

Scarth's testimony at the September 26, 2017 meeting of creditors, however, suggests multiple conflicts.

Mr. and Ms. Scarth own a business entity, Scarth & Associates, that currently serves as the Debtor's tenant.  That entity is delinquent in its rental payments.[3]

Scarth also personally guaranteed the Debtor's secured debt and the secured creditor is looking to enforce that debt from either the Debtor or from the Scarth's.  The interests of the Debtor and its members are not aligned and conflict.

*Lotus* expressly held that an actual conflict or impermissible potential conflict results if an insider guarantees the Debtor's fees and expenses or if the arrangement creates "individual legal liability" for the insider.  *See Lotus*, 200 B.R. at 393-94.  The personal guaranty here violates *Lotus* and should not be approved.

## II.  CONCLUSION

The U.S. Trustee respectfully requests that this matter be set for a hearing on the Court's law and motion calendar and that the Court deny the Employment Application until it is modified consistent with the concerns set forth above

DATED: October 5, 2017                     PETER C. ANDERSON
                                           UNITED STATES TRUSTEE


                                           By:    /s/ Everett L. Green
                                                  Everett L. Green
                                                  Trial Attorney

---

[3]      The rental income owed from Scarth & Associates is not disclosed on Schedule A/B. On Schedule A/B, the Debtor states that it is not owed accounts receivables or any other assets.

# EXHIBIT E

1  **THE TUROCI FIRM**
   Todd Turoci (State Bar No. 160059)
2  Julie Philippi (State Bar No. 166108)
   3845 Tenth Street
3  Riverside, CA 92501
   Telephone (888) 332-8362
4  Facsimile (866) 762-0618
5  mail@theturocifirm.com
   Attorney for Debtor
6

7                    **UNITED STATES BANKRUPTCY COURT**

8                    **CENTRAL DISTRICT OF CALIFORNIA**

9                         **RIVERSIDE DIVISION**

10

11 In re:                          )
                                   )
12                                 )
                                   )   Chapter 11
13 LINCOLN JAMES INVESTMENT        )   Case No. 6:17-bk-17285WJ
   PROPERTIES, LLC,                )
14                                 )
                                   )   **REPLY TO UNITED STATES**
15                                 )   **TRUSTEE'S OBJECTION TO**
              Debtor and Debtor in Possession. )   **DEBTOR'S MOTION FOR AUTHORITY**
16                                 )   **TO EMPLOY THE TUROCI FIRM AS**
                                   )   **GENERAL BANKRUPTCY COUNSEL**
17                                 )
                                   )
18                                 )   Date:    11/14/2017
                                   )   Time:    1:00 PM.
19                                 )   Ctrm:.   304
                                   )   Place:   United States Bankruptcy Court
20                                 )            Central District
                                   )            3420 Twelfth Street
21                                 )            Riverside, CA 92501
                                   )
22                                 )

23       **TO THE HONORABLE WAYNE JOHNSON, UNITED STATES BANKRUPTCY**

24 **JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; and all other interested**

   **parties:**
25
   ///
26
   ///
27
   ///
28
              REPLY TO UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR AUTHORITY TO EMPLOY
                      THE TUROCI FIRM AS GENERAL BANKRUPTCY COUNSEL
                                            1

**LINCOLN JAMES INVESTMENT PROPERTIES, LLC,** Debtor and Debtor in Possession herein ("Debtor"), for the Chapter 11 estate in the above-captioned bankruptcy case, by and through its counsel files this Reply to United States Trustee's Objection to Debtor's Motion for Authority to Employ the Turoci Firm as General Bankruptcy Counsel:

Applicant waives the personal guarantee of Jared and Victoria Scarth in retainer agreement and the subsequent provision in paragraph 15 of the employment application.

Dated: November 02, 2017                                      **THE TUROCI FIRM**

                                                      By: _____
                                                      Todd Turoci
                                                      Attorney for Debtor in Possession
                                                      Lincoln James Investment
                                                      Properties, LLC.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3845 10th Street, Riverside, CA 92501

A true and correct copy of the foregoing document described) **REPLY TO UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO EMPLOY THE TUROCI FIRM AS GENERAL BANKRUPTCY COUNSEL** served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **11/02/2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Candace Carlyon   ccarlyon@clarkhill.com, Crobertson@clarkhill.com;nrodriguez@clarkhill.com
- Everett L Green   everett.l.green@usdoj.gov
- Richard A Rogan   rrogan@jmbm.com, jb8@jmbm.com;to1@jmbm.com
- Todd L Turoci   mail@theturocifirm.com
- United States Trustee (RS)   ustpregion16.rs.ecf@usdoj.gov

☐Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **11/02/2017** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Wayne Johnson
United States Bankruptcy Court
3420 Twelfth Street, Ste 384 Ctrm. 304
Riverside, CA 92501

☐Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/02/2017 | Dana Cormey | /s/ Dana Cormey |
|------------|-------------|-----------------|
| Date | Type Name | Signature |

# EXHIBIT F

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

Prominence Capital Partners, LLC
974 Sandstone Drive
Glendora, CA 91740

_Space Above For Recorder's Use_

## DEED OF TRUST, ASSIGNMENT OF RENTS, SECURITY AGREEMENT AND FIXTURE FILING

THIS DEED OF TRUST, ASSIGNMENT OF RENTS, SECURITY AGREEMENT AND FIXTURE FILING ("**Deed of Trust**") is made as of October 2, 2017, by and among Jared H Scarth, an individual ("**Trustor**"), whose address is 31222 Mangrove Drive, Temecula CA 92592 and Prominence Capital Partners, LLC, a California limited liability company ("**Beneficiary**" and(or) "**Trustee**"), whose address for notice is 974 Sandstone Drive, Glendora, CA 91740.

Beneficiary wishes to secure (i) the prompt payment of that certain Promissory Note ("**Note**"), in the principal amount of Seventeen Thousand Two Hundred Fifty and 00/100ths Dollars ($17,250.00), executed by Trustor in favor of Beneficiary, which Note evidences a loan payable to the order of Beneficiary (the "**Loan**"), together with all interest thereon in accordance with the terms of the Note, as well as the prompt payment of any additional indebtedness accruing to Beneficiary on account of any future payments, advances or expenditures made by Beneficiary pursuant to the Note, this Deed of Trust, that certain Loan Agreement of even date herewith ("**Loan Agreement**"), or the other Loan Documents (as such term is defined in the Note), and (ii) the prompt performance of each and every covenant, condition, and agreement now or hereafter arising contained in the Loan Documents of Trustor. All payment obligations of Trustor under the Loan Documents are hereinafter sometimes collectively referred to as the "**Indebtedness**" and all other obligations of Trustor under the Loan Documents are hereinafter sometimes collectively referred to as the "**Obligations**."

## ARTICLE 1
## GRANT IN TRUST AND SECURED OBLIGATIONS

1.1     Grant in Trust. For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Trustor hereby irrevocably and unconditionally grants, transfers, conveys and assigns to Trustee, IN TRUST, WITH POWER OF SALE, for the benefit and security of Beneficiary, all estate, right, title and interest which Trustor now has or may later acquire in and to the following property (all or any part of which, or interest therein, as the context may require, may be referred to herein as the "**Property**"):

1.1.1     that certain real property located at 31222 Mangrove Drive, Temecula California 92592 more particularly described as:

**CONVEYANCE OF THE FIRST RESIDENTIAL UNIT IN EACH RESPECTIVE PHASE, ALL AS MORE FULLY SET FORTH IN THE DECLARATION. THE ASSOCIATION PROPERTY REFERRED TO HEREIN AS TO EACH OF SUCH PHASES SHALL BE DESCRIBED ON THE SUPPLEMENTARY DECLARATION COVERING EACH SUCH PHASE RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. THIS NON-EXCLUSIVE EASEMENT IS FURTHER SUBJECT TO ANY EXCLUSIVE OR NON-EXCLUSIVE EASEMENTS RESERVED IN THE DECLARATION AND THIS GRANT DEED.**

**PARCEL 4:**
**A NON-EXCLUSIVE EASEMENT ON, OVER, THROUGH, UNDER AND ACROSS LOTS C TO M INCLUSIVE OF THE MAP FOR ACCESS, INGRESS OR EGRESS.**

**ASSESSOR'S PARCEL NUMBER: 961-430-054-2**

**(the "Land")**

1.1.2    any and all buildings, structures and improvements now or hereafter erected on the Land ("**Improvements**"), and Trustor's right, title and interest in and to all other improvements that may now or hereafter be constructed upon the Land, including, but not limited to, the fixtures, attachments, appliances, equipment, machinery and other articles attached to the Improvements;

1.1.3    all right, title and interest of Trustor in and to all leases, subleases, subtenancies, licenses, occupancy agreements and concessions covering the Land or the Improvements or any portion thereof or space therein now or hereafter existing, and all right, title and interest of Trustor under the same, including, without limitation, all cash or security deposits, advance rentals and deposits or payments of similar nature ("**Leases**");

1.1.4    all rents, issues, profits, royalties, revenues, income and other proceeds and benefits derived from the Land or the Improvements;

1.1.5    all right, title and interest of Trustor in and to all options to purchase or lease the Land or any portion or interest of or in the Land, and any greater estate in the Land owned or hereafter acquired;

1.1.6    any and all interests, estate or other claims, both in law and in equity, which Trustor now has or may hereafter acquire in the Land;

1.1.7    all right, title and interest of Trustor in any and all easements, parking rights, rights-of-way and rights used primarily in connection with the Land and Improvements or as a means of access thereto, and all tenements, hereditaments and appurtenances thereof and thereto, and all water rights and shares of stock evidencing the same;

1.1.8    all right, title and interest of Trustor, now owned or hereafter acquired, in and to any land lying within the right of way of any street, open or proposed, adjoining the Land, and any and all sidewalks, alleys and strips and gores of land adjacent to or used primarily in connection with the Land;

## ARTICLE 3
## GRANT OF SECURITY INTEREST

3.1 <u>Fixture Filing</u>. This Deed of Trust constitutes a financing statement filed as a fixture filing pursuant to § 9402(6) of the California Uniform Commercial Code, as amended or recodified from time to time, covering any Property which is now or may later become fixtures attached to the Land or the Improvements. This filing is to be recorded in the real estate records of the county where the Property is located. In that connection, the following information is provided:

| | |
|---|---|
| Name of Debtor: | Trustor |
| Address of Debtor: | See page 1 hereof |
| Name of Secured Party: | Beneficiary |
| Address of Secured party: | See page 1 hereof |

## ARTICLE 4
## RIGHTS AND DUTIES OF THE PARTIES

4.1  <u>Representations and Warranties of Trustor</u>. Trustor represents, warrants and covenants that, except as previously disclosed to Beneficiary in a writing making reference to this warranty:

4.1.1  Trustor lawfully possesses and holds fee simple title to the Land and Improvements as of the date this Deed of Trust is recorded.

4.1.2  Trustor has or will have good title to all Property including the Land and Improvements.

4.1.3  Trustor has the full and unlimited power, right and authority to encumber the Property and Trustor has the full and unlimited power, right and authority to assign the Rents.

4.1.4  None of Trustor, Guarantor, or any other holder of a direct or indirect legal or beneficial interest in Trustor is or will be, held, directly or indirectly, by a "foreign corporation," "foreign partnership," "foreign trust," "foreign estate," "foreign person," "affiliate" of a "foreign person" or a "United States intermediary" of a "foreign person" within the meaning of IRC Sections 897 and 1445, the Foreign Investments in Real Property Tax Act of 1980, the International Investment and Trade in Services Survey Act, the Agricultural Foreign Investment Disclosure Act of 1978, the regulations promulgated pursuant to such acts or any amendments to such acts.

4.1.5  None of Trustor or Guarantor is insolvent, and there has been no (i) assignment made for the benefit of the creditors of any of them, (ii) appointment of a receiver for any of them or for the assets or properties of any of them, or (iii) any bankruptcy, reorganization, or liquidation proceeding instituted by or against any of them.

4.1.6  There is no litigation, arbitration, condemnation proceeding or other proceeding or governmental investigation pending or, to the best knowledge of Trustor, threatened against or relating to Trustor, Guarantor, or the Property and there are no outstanding judgment(s)

4.2     Payment and Performance of Secured Obligations. Trustor shall pay when due the principal of and the interest on the indebtedness evidenced by the Note, charges, fees and all other sums as provided in the Loan Documents, and the principal of and interest on any future advances secured by this Deed of Trust. Trustor shall promptly perform each of the Secured Obligations in accordance with its terms.

4.3     Maintenance, Repair, Alterations. Trustor shall keep the Property in good condition and repair, and shall not remove, demolish or substantially alter (except such alterations as may be required by laws, ordinances or regulations) any of the Improvements.

4.4     Required Insurance.

4.4.1     Trustor shall keep the Improvements insured, and shall maintain during the entire term of this Deed of Trust, comprehensive general liability coverage and such other coverages requested by Beneficiary, by carrier(s), in amounts and in form at all times satisfactory to Beneficiary, which carrier(s), amounts and form shall not be changed without the prior written consent of Beneficiary. All such policies of insurance shall be issued by insurers qualified under the laws of the state in which the Land is located, duly authorized and licensed to transact business in such state and reflecting a General Policy Rating of A: VIII or better in A.M. Best's Key Rating Guide (the "**Required Rating**"). Trustor shall maintain all coverages on the Property as are required by Beneficiary at the closing of the Loan, and all other coverages as may be deemed necessary by Beneficiary from time to time during the term of the Loan. Any failure by Beneficiary to insist on full compliance with all of the above insurance requirements at closing does not constitute a waiver of Beneficiary's right to subsequently require full compliance with these requirements. All policies required hereunder shall be indicated by evidence of insurance on the Acord 28 (or similar) form of certificate (as such form may be updated and renamed from time to time), naming Beneficiary as additional insured for liability coverage and first mortgagee for property coverage. All such policies shall contain a provision that such policies will not be canceled or materially amended, which terms shall include any reduction in the scope or limits of coverage, without at least thirty (30) days' prior written notice to Beneficiary (or ten (10) days in the case of non-payment). At least two (2) days prior to the expiration of each such policy, Trustor shall furnish Beneficiary with evidence satisfactory to Beneficiary of the payment of the premium for and the re-issuance of a policy continuing insurance in force as required by this Deed of Trust.

4.4.2     Unless Trustor provides Beneficiary with evidence of the insurance coverage required by this Deed of Trust, or in the event that Trustor otherwise fails to provide, maintain and keep in force or deliver and furnish to Beneficiary the policies of insurance required hereunder, Beneficiary may purchase insurance at Trustor's expense to protect Beneficiary's interests in the Property and to maintain the insurance required by this Deed of Trust. This insurance may, but need not, protect Trustor's interests. The coverage purchased by Beneficiary may not pay any claim made by Trustor or any claim that is made against Trustor in connection with the Property or any required insurance policy. Trustor may later cancel any insurance purchased by Beneficiary, but only after providing Beneficiary with evidence that Trustor has obtained insurance as required by this Deed of Trust. If Beneficiary purchases insurance for the Property or insurance otherwise required by this Deed of Trust, Trustor will be responsible for the costs of that insurance, including interest and other charges imposed by Beneficiary in connection

the Net Claims Proceeds exceed the costs of repair and reconstruction of the Property or if Beneficiary determines that one or more of the foregoing conditions are not satisfied, then Beneficiary shall apply the Net Claims Proceeds contained in the interest bearing account to pay or prepay (without premium) some or all of the Secured Obligations in such order and proportions as Beneficiary in its sole, absolute and unfettered discretion may choose.

4.6.3   Trustor hereby specifically, unconditionally and irrevocably waives all rights of a property owner granted under California Code of Civil Procedure § 1265.225(a) which provides for allocation of condemnation proceeds between a property owner and a lien holder, and any other law or successor statute of similar import.

4.6.4   Nothing herein contained shall be deemed to excuse Trustor from repairing or maintaining the Property as provided in Section 4.3 hereof or restoring all damage or destruction to the Improvements, regardless of whether or not there are insurance proceeds available or whether any such proceeds are sufficient in amount, and the application or release by Beneficiary of any insurance proceeds shall not cure or waive any default or notice of default under this Deed of Trust or invalidate any act done pursuant to such notice.

4.7   Liens. If any claim of lien is recorded which affects the Property or the Loan, Trustor shall, within twenty (20) days after such recording or service: (i) pay and discharge the same; (ii) effect the release thereof by recording or delivering to Beneficiary a surety bond in form and amount satisfactory to Beneficiary; or (iii) provide Beneficiary with other assurance (including appropriate title endorsements) which Beneficiary, in its sole discretion, deems to be satisfactory for the payment of such lien or bonded stop notice and for the full and continuous protection of Beneficiary from the effect thereof. If Trustor fails to remove any lien on the Property or the Loan, and fails to provide satisfactory security in lieu of removal of such lien as provided in (ii) above and fails to provide Beneficiary with the assurances as provided in (iii) above, Beneficiary may pay such lien or may contest the validity thereof, may pay all costs and expenses of contesting the same, including attorneys' fees, and Trustor shall reimburse Beneficiary on demand for all payments made and costs and expenses incurred by Beneficiary in doing so.

4.8   Trustee's Power. Trustee may, at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed of Trust and the Note secured hereby for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby or the effect of this Deed of Trust upon the remainder of said Property: (i) reconvey any part of said Property; (ii) consent in writing to the making of any map or plat thereof; (iii) join in granting any easement thereon; or (iv) join in any extension agreement or any agreement subordinating the lien or charge hereof.

4.9   Beneficiary's Power. Beneficiary, without affecting the liability of any other person liable for the payment of any obligation herein mentioned, and without affecting the lien or charge of this Deed of Trust upon any portion of the Land not then or theretofore released as security for the full amount of all unpaid obligations, may from time to time and without notice: (i) release any person so liable; (ii) extend the maturity or alter any of the terms of any such obligation; (iii) grant other indulgences; (iv) release or reconvey, or cause to be released or reconveyed at any time at Beneficiary's option, any parcel, portion or all of the Property; (v) take or release any other

6.1.2   The occurrence of a default or an "Event of Default" under any other Loan Documents beyond any applicable notice and cure period;

6.1.3   Seizure or forfeiture of the Property, or any portion thereof, or Trustor's interest therein, resulting from criminal wrongdoing or other unlawful action of Trustor, its affiliates, or any tenant in the Property under any federal, state or local law.

6.2    Acceleration Upon Default; Additional Remedies. At any time after any Event of Default, Beneficiary may declare all indebtedness secured hereby to be due and payable and the same shall thereupon become due and payable without any presentment, demand, protest or notice of any kind.  Thereafter, Beneficiary may:

6.2.1   Either in person or by agent, with or without bringing any action or proceeding, or by a receiver appointed by a court and without regard to the adequacy of its security, enter upon and take possession of the Property, or any part thereof, in its own name or in the name of Trustee, and do any acts which it deems necessary or desirable to preserve the value, marketability or rentability of the Property, or part thereof or interest therein, increase the income therefrom or protect the security hereof and, with or without taking possession of the Property, sue for or otherwise collect the rents, issues and profits thereof, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection (including attorneys' fees) upon any indebtedness secured hereby, all in such order as Beneficiary may determine. The entering upon and taking possession of the Property, the collection of such rents, issues and profits, and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done in response to such default or pursuant to such notice of default and, notwithstanding the continuance in possession of the Property or the collection, receipt and application of rents, issues or profits, Trustee or Beneficiary shall be entitled to exercise every right provided for in any of the Loan Documents or by law upon the occurrence of any Event of Default, including the right to exercise the power of sale.

6.2.2   Commence an action to foreclose this Deed of Trust as a mortgage, appoint a receiver, and/or specifically enforce any of the covenants hereof.

6.2.3   Exercise any or all of the remedies available to a secured party under the California Uniform Commercial Code.

6.2.4   Deliver to Trustee a written declaration of default and demand for sale, and a written notice of default and election to cause Trustor's interest in the Property to be sold, which notice Trustee or Beneficiary shall cause to be duly filed for record in the official records of the county in which the Property is located.

6.3    Foreclosure by Power of Sale. If Beneficiary elects to foreclose by exercise of power of sale under Subsection 6.2.4, Beneficiary shall notify Trustee and shall deposit with Trustee this Deed of Trust and the Note and such receipts and evidence of expenditures made and secured hereby as Trustee may require.

6.3.1   Upon receipt of such notice from Beneficiary, Trustee shall cause to be recorded, published and delivered to Trustor such notice of default and election to sell as then

6.5    Remedies Not Exclusive. Trustee and Beneficiary, and each of them, shall be entitled to enforce payment and performance of any of the Secured Obligations and to exercise all rights and powers under this Deed of Trust or under any Loan Document or other agreement or any laws now or hereafter in force, notwithstanding that some or all of the Secured Obligations may now or hereafter be otherwise secured, whether by mortgage, deed of trust, pledge, lien, assignment or otherwise. Neither the acceptance of this Deed of Trust nor its enforcement, whether by court action or pursuant to the power of sale or other powers herein contained, shall prejudice or in any manner affect Trustee's or Beneficiary's right to realize upon or enforce any other security now or hereafter held by Trustee or Beneficiary, it being agreed that Trustee and Beneficiary, and each of them, shall be entitled to enforce this Deed of Trust and any other security now or hereafter held by Beneficiary or Trustee in such order and manner as they or either of them may in their absolute discretion determine. No remedy herein conferred upon or reserved to Trustee or Beneficiary is intended to be exclusive of any other remedy herein or by law provided or permitted, but each shall be cumulative and shall be in addition to every other remedy given hereunder or now or hereafter existing at law or in equity or by statute. Every power or remedy given by any of the Loan Documents to Trustee or Beneficiary, or to which either of them may be otherwise entitled, may be exercised, concurrently or independently, from time to time and as often as may be deemed expedient by Trustee or Beneficiary, and either of them may pursue inconsistent remedies.

6.6    Request for Notice. In accordance with California Civil Code §2924b, Trustor hereby requests copy of any notice of default and that any notice of sale hereunder be mailed to it at the address set forth in the first Section of this Deed of Trust.

## ARTICLE 7
## MISCELLANEOUS

7.1    Governing Law. This Deed of Trust shall be governed by the laws of the State of California, except to the extent federal law applies. In the event that any provision or clause of any of the Loan Documents conflicts with applicable laws, such conflicts shall not affect other provisions of such Loan Documents which can be given effect without the conflicting provision, and to this end the provisions of the Loan Documents are declared to be severable. This instrument cannot be waived, changed, discharged or terminated orally, but only by an instrument in writing signed by the party against whom enforcement of any waiver, change, discharge or termination is sought.

7.2    Trustor Waiver of Rights. To the extent permitted under applicable law, Trustor waives: (i) the benefit of all laws now existing or that hereafter may be enacted providing for any appraisement before sale of any portion of the Property; (ii) any applicable statute of limitations; and (iii) the benefit of all laws that may hereafter be enacted in any way extending the time for the enforcement of the collection of the Note or the debt evidenced thereby or creating or extending a period of redemption from any sale made in collecting said debt. To the full extent Trustor may do so, Trustor agrees that Trustor will not at any time insist upon, plead, claim or take the benefit or advantage of any law now or hereafter in force providing for any appraisement, valuation, stay, extension or redemption, and Trustor, for Trustor, Trustor's heirs, devisees, representatives, successors and assigns, and for any and all persons ever claiming any interest in the Property, to

# EXHIBIT G

# License Search

 portal.dfpi.ca.gov/csp

## Search for Financial Services and Mortgage Lending Licensees

### PLEASE NOTE:

- This search includes records for the following licensees:
  - Mortgage bankers and servicers
  - Finance lenders and brokers
  - Deferred deposit originators also called payday lenders
  - Escrow agents
- Individual **Mortgage Loan Originator (MLO)** licenses should be checked through NMLS Consumer Access
- For information about regulatory actions against a Mortgage Loan Originator, please visit NMLS Consumer Access
- For other department licenses and registrations, please visit our Resources page.

- The following companies are licensed to provide online escrow services:

Upwork Escrow Inc.
Telephone: 650-316-7557
Email:
escrow@upwork.com

Assembly Escrow Inc.
Telephone: 866-862-2714
Email:
tracey@promisepay.com

Internet Escrow Services, Inc.
Telephone: 1-888-511-8600,
949-635-3800
Email: sales@escrow.com

SeedTrust Escrow, Inc.
Telephone: 800 205-3527
Email:
Info@SeedTrustInc.com

- Please search the list below for the public action. To review actions taken against any licensed individual or company, please visit the Actions and Orders page.

| License Number | Status | Status Effective Date | Licensee Name | Organization DBA | Originally Licensed Date | License Type | Public Actions |
|---|---|---|---|---|---|---|---|
| 60DBO-77638 | Active | 12/8/2017 | Prominence Capital Partners, LLC | PROMINENCE FUNDING; | 12/8/2017 | California Finance Lender | No |



## Prominence Capital Partners, LLC

| | | | | |
|---|---|---|---|---|
| NMLS ID: 1658251 | Street Address: 974 Sandstone Drive Glendora, CA 91740 | | Phone: 626-991-9085 | Website: www.promfunding.net |
| | Mailing Address: 974 Sandstone Drive Glendora, CA 91740 | | Toll-Free Number: Not provided | Email: chris@pro-capllc.com |
| | | | Fax: Not provided | |

| | |
|---|---|
| Other Trade Names : | Prominence Funding |
| Prior Other Trade Names : | None |
| Prior Legal Names : | None |
| Sponsored MLOs : | 1 |

| | | | | |
|---|---|---|---|---|
| Fiscal Year End: 12/31 | Formed in: California, United States | Date Formed: 09/04/2014 | Stock Symbol: None | Business Structure: Limited Liability Company |

Regulatory Actions : None posted in NMLS.

### Branch Locations  No Branch Locations in NMLS

### State Licenses/Registrations  (Displaying 2 Active of 2 Total)

| Regulator | Lic/Reg Name | Authorized to Conduct Business | Consumer Complaint |
|---|---|---|---|
| **California - DFPI** | Financing Law License | Yes | **Submit to Regulator** |

Lic/Reg #: 60DBO-77638 | Original Issue Date : 12/08/2017

Status : Approved | Status Date: 01/18/2023 | Renewed Through : 2023

Other Trade Names used in California - DFPI : Prominence Funding

View Resident/Registered Agent(s) for Service of Process ›

| Regulator | Lic/Reg Name | Authorized to Conduct Business | Consumer Complaint |
|---|---|---|---|
| **Florida** | Mortgage Broker License | Yes | **Submit to Regulator** |

Lic/Reg #: MBR4978 | Original Issue Date : 02/11/2022

Status : Approved | Status Date: 01/12/2023 | Renewed Through : 2023

Other Trade Names used in Florida : Prominence Funding

View Resident/Registered Agent(s) for Service of Process ›

### Regulatory Actions

While some state and federal agencies may add actions taken in previous years against a licensee, the majority are adding only new actions from 2012 or later. To view complete information regarding regulatory actions posted by the agency, click any regulator link.

No regulatory actions have been posted in NMLS.

Information made available through NMLS Consumer Access℠ is derived from NMLS (**Nationwide Multistate Licensing System / Nationwide Mortgage Licensing System and Registry**), the financial services industry's online registration and licensing database. NMLS was created by the **Conference of State Bank Supervisors (CSBS)** and the **American Association of Residential Mortgage Regulators (AARMR)** and is owned and operated by the **State Regulatory Registry LLC (SRR)**, a wholly owned subsidiary of CSBS. For more information about the System, please visit the **NMLS Resource Center** or the **NMLS Federal Registry Resource Center** websites. | Download PDF Reader

# EXHIBIT H

# NMLS. consumer access

## Christopher James Turoci

| NMLS ID: 1553062 | Phone: 626-991-9085 | Fax: Not provided |
|---|---|---|
| Other Names : Christopher J Turoci | Prior Other Names : None | Prior Legal Names : None |
| Regulatory Actions : Yes | | |

### Employment

| Authorized to Represent : Prominence Capital Partners, LLC (1658251) | Engaged in other businesses : No |
|---|---|

### Office Locations

| Company | NMLS ID | Type | Street Address | City | State | Zip Code | Start Date |
|---|---|---|---|---|---|---|---|
| Prominence Capital Partners, LLC | 1658251 | Main | 974 Sandstone Drive | Glendora | CA | 91740 | 09/04/2014 |

### State Licenses/Registrations  (Displaying 2 Active of 2 Total)

| Regulator | Lic/Reg Name | Authorized to Conduct Business | Consumer Complaint |
|---|---|---|---|
| **California - DFPI** | Mortgage Loan Originator License | Yes | **Submit to Regulator** |

| Lic/Reg #: CA-DFPI1553062 | Original Issue Date : 09/07/2021 |
|---|---|
| Status : Approved | Status Date: 09/07/2021 | Renewed Through : 2023 |

Currently Authorized to Represent

Company: **Prominence Capital Partners, LLC** ▶
NMLS ID:  1658251
Start Date: 09/07/2021

[+] View Previously Authorized to Represent

| **Florida** | Mortgage Loan Originator License | Yes | **Submit to Regulator** |
|---|---|---|---|

| Lic/Reg #: LO101876 | Original Issue Date : 02/08/2022 |
|---|---|
| Status : Approved | Status Date: 02/08/2022 | Renewed Through : 2023 |

Currently Authorized to Represent

Company: **Prominence Capital Partners, LLC** ▶
NMLS ID:  1658251
Start Date: 03/01/2022

[−] Hide Previously Authorized to Represent

None

| Start | End | Authorized to Conduct Business | Temporary Authority Begin Date |
|---|---|---|---|
| 2/8/2022 | Present | Yes | |

### Regulatory Actions

While some state and federal agencies may add actions taken in previous years against a licensee, the majority are adding only new actions from 2012 or later. To view complete information regarding regulatory actions posted by the agency, click any regulator link.

| Regulator | Action Type | Date of Action | Multi-state Action ID | Docket Number | Associated Document(s) |
|---|---|---|---|---|---|
| **California - DFPI** | Consent Order | 09/07/2021 | N/A | None | Consent Order |
| **California - DFPI** | Stipulation to Withdrawal of Application | 03/17/2020 | N/A | none | Stipulation to Withdrawal of Application |

Information made available through NMLS Consumer Access℠ is derived from NMLS (**Nationwide Multistate Licensing System / Nationwide Mortgage Licensing System and Registry**), the financial services industry's online registration and licensing database. NMLS was created by the **Conference of State Bank Supervisors (CSBS)** and the **American Association of Residential Mortgage Regulators (AARMR)** and is owned and operated by the **State Regulatory Registry LLC (SRR)**, a wholly owned subsidiary of CSBS. For more information about the System, please visit the **NMLS Resource Center** or the **NMLS Federal Registry Resource Center** websites. | Download PDF Reader

# EXHIBIT I

B1 (Official Form 1) (04/13)

| United States Bankruptcy Court<br>Central District of California | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Turoci, Christopher J** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) /Complete EIN<br>(if more than one, state all):   **8542** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) /Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**974 Sandstone Drive**<br>**Glendora, CA**                       ZIPCODE **91740** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>ZIPCODE |
| County of Residence or of the Principal Place of Business:<br>**Los Angeles** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address)<br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIPCODE | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check **one** box.) | **Nature of Business**<br>(Check **one** box.) | **Chapter of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check **one** box.) |
|---|---|---|
| ☑ **Individual (includes Joint Debtors)**<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11<br>U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☑ Chapter 7         ☐ Chapter 15 Petition for<br>☐ Chapter 9              Recognition of a Foreign<br>☐ Chapter 11            Main Proceeding<br>☐ Chapter 12         ☐ Chapter 15 Petition for<br>☐ Chapter 13            Recognition of a Foreign<br>                               Nonmain Proceeding |
| **Chapter 15 Debtor**<br>Country of debtor's center of main interests:<br>_____<br>Each country in which a foreign proceeding by,<br>regarding, or against debtor is pending: | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under<br>Title 26 of the United States Code (the<br>Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☑ Debts are primarily consumer   ☐ Debts are primarily<br>debts, defined in 11 U.S.C.        business debts.<br>§ 101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or house-<br>hold purpose." |

| **Filing Fee** (Check one box) | **Chapter 11 Debtors** |
|---|---|
| ☑ **Full Filing Fee attached**<br><br>☐ Filing Fee to be paid in installments (Applicable to individuals<br>only). Must attach signed application for the court's<br>consideration certifying that the debtor is unable to pay fee<br>except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (Applicable to chapter 7 individuals<br>only). Must attach signed application for the court's<br>consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less<br>than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in<br>accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001<br>to $50 million | $50,000,001 to<br>$100 million | $100,000,001<br>to $500 million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001<br>to $50 million | $50,000,001 to<br>$100 million | $100,000,001<br>to $500 million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B1 (Official Form 1) (04/13)                                                                                          Page 2

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Turoci, Christopher J** |
|---|---|

| **All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location Where Filed:**None** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: **None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X */s/ Douglas Lee Weeks*                                    **7/30/13**<br>Signature of Attorney for Debtor(s)                                    Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached a made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord that obtained judgment)

_____

(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Turoci, Christopher J** |

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. |
| [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. | (Check only **one** box.) |

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Christopher J Turoci**
_____    **Christopher J Turoci**
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

**July 30, 2013**
_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

---

**Signature of Attorney***

X **/s/ Douglas Lee Weeks**
_____
Signature of Attorney for Debtor(s)

**Douglas Lee Weeks 078531**
**Law Offices of Douglas Lee Weeks**
**1475 S. State College Blvd., Suite 224**
**Anaheim, CA  92806**

**micwks@aol.com**

**July 30, 2013**
_____
Date
*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Petition Preparer**

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any,  of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

_____

X _____
Signature

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

☒ Attorney for

## United States Bankruptcy Court
## Central District of California

| In re:<br>**Turoci, Christopher J** | CASE NO.: |
| | CHAPTER: 7 |
| Debtor(s). | ADV. NO.: |

## ELECTRONIC FILING DECLARATION
### (INDIVIDUAL)

☒ Petition, statement of affairs, schedules or lists     Date Filed:
☐ Amendments to the petition, statement of affairs, schedules or lists     Date Filed:
☐ Other:     Date Filed:

## PART I - DECLARATION OF DEBTOR(S) OR OTHER PARTY

I (We), the undersigned Debtor(s) or other party on whose behalf the above-referenced document is being filed (Signing Party), hereby declare under penalty of perjury that: (1) I have read and understand the above-referenced document being filed electronically (Filed Document); (2) the information provided in the Filed Document is true, correct and complete; (3) the "/s/," followed by my name, on the signature line(s) for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature line(s); (4) I have actually signed a true and correct hard copy of the Filed Document in such places and provided the executed hard copy of the Filed Document to my attorney; and (5) I have authorized my attorney to file the electronic version of the Filed Document and this Declaration with the United States Bankruptcy Court for the Central District of California. If the Filed Document is a petition, I further declare under penalty of perjury that I have completed and signed a *Statement of Social Security Number(s)* (Form B21) and provided the executed original to my attorney.

_____      July 29, 2013
Signature of Signing Party      Date

**Turoci, Christopher J**
Printed Name of Signing Party

_____      _____
Signature of Joint Debtor (if applicable)      Date

_____
Printed Name of Joint Debtor (if applicable)

## PART II - DECLARATION OF ATTORNEY FOR SIGNING PARTY

I, the undersigned Attorney for the Signing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) the Signing Party signed the Declaration of Debtor(s) or Other Party before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature(s) of the Signing Party in the locations that are indicated by "/s/," followed by the Signing Party's name, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this Declaration, the Declaration of Debtor(s) or Other Party, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this Declaration, the Declaration of Debtor(s) or Other Party, and the Filed Document available for review upon request of the Court or other parties. If the Filed Document is a petition, I further declare under penalty of perjury that: (1) the Signing Party completed and signed the Statement of Social Security Number(s) (Form B21) before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (2) I shall maintain the executed original of the Statement of Social Security Number(s) (Form B21) for a period of five years after the closing of the case in which they are filed; and (3) I shall make the executed original of the Statement of Social Security Number(s) (Form B21) available for review upon request of the Court.

_____

*November 2006*     This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

_____      July 29, 2013
Signature of Attorney for Signing Party      Date

**Douglas Lee Weeks**
Printed Name of Attorney for Signing Party

B1D (Official Form 1, Exhibit D) (12/09)

## United States Bankruptcy Court
## Central District of California

IN RE:                                                                    Case No. _____

Turoci, Christopher J _____    Chapter **7**_____
                                        Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**


Signature of Debtor: ***/s/ Christopher J Turoci***_____

Date: **July 30, 2013**_____

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Certificate Number: 00555-CAC-CC-021324101



00555-CAC-CC-021324101

# CERTIFICATE OF COUNSELING

I CERTIFY that on July 2, 2013, at 12:44 o'clock PM EDT, Christopher J Turoci received from Advisory Credit Management, Inc., an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the Central District of California, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan was not prepared. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted by internet.

Date:  July 2, 2013               By:      /s/Ricka Cepoudy

                                                           Name:   Ricka Cepoudy

                                                           Title:    Certified Debt Management Professional

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. See 11 U.S.C. §§ 109(h) and 521(b).

## STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
   **None**

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
   **None**

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
   **None**

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
   **None**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at Anaheim, California.

Dated: July 11, 2013

/s/ Christopher J Turoci

*Debtor*

*Joint Debtor*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*

# F 1015-2.1

B201 - Notice of Available Chapters (Rev. 11/12)                                                           USBC, Central District of California

Name: **Law Offices of Douglas Lee Weeks**

Address: **1475 S. State College Blvd., Suite 224**

**Anaheim, CA  92806**

Telephone: _____    Fax: _____

☑ Attorney for Debtor

☐ Debtor in Pro Per

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

---

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| List all names including trade names, used by Debtor(s) within last 8 years:<br>**Turoci, Christopher J** | Case No.: |
|---|---|
|  | # NOTICE OF<br># AVAILABLE CHAPTERS<br><br>(Notice to Individual Consumer Debtor Under § 342(b) of the Bankruptcy Code) |

---

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

1. **Services Available from Credit Counseling Agencies**

   **With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

   **In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

2.  **The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors**

**Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total fee $306)**

1.  Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.
2.  Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.
3.  The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.
4.  Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and certain student loans; debts incurred to pay nondischargeable debts; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.  Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)**

1.  Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.
2.  Under chapter 13, you must file with the court  a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.
3.  After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11: Reorganization ($1167 filing fee, $46 administrative fee: Total fee $1213)**
Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)**
Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

3.  **Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition.  Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B201 - Notice of Available Chapters (Rev. 11/12)                                         USBC, Central District of California

## Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

| | |
|---|---|
| _____ Printed Name and title, if any, of Bankruptcy Petition Preparer Address: _____ | _____ Social Security number (if the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |

X _____
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

## Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

| | | |
|---|---|---|
| **Turoci, Christopher J** _____ Printed Name(s) of Debtor(s) | X */s/ Christopher J Turoci* _____ Signature of Debtor | **7/30/13** Date |
| Case No. (If known) _____ | X _____ Signature of Joint Debtor (if any) | Date |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# UNITED STATES BANKRUPTCY COURT

## NOTICE TO CONSUMER DEBTOR(S) UNDER §342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a joint case (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total fee $306)
Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1167 filing fee, $46 administrative fee: Total fee $1213)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**United States Bankruptcy Court**
**Central District of California**

IN RE:                                                                                    Case No. _____

Turoci, Christopher J _____    Chapter **7**_____
                          Debtor(s)

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor the attached notice, as required by § 342(b) of the Bankruptcy Code.

_____        _____
Printed Name and title, if any, of Bankruptcy Petition Preparer        Social Security number (If the bankruptcy
Address:                                                                 petition preparer is not an individual, state
_____        the Social Security number of the officer,
                                                                        principal, responsible person, or partner of
_____        the bankruptcy petition preparer.)
                                                                        (Required by 11 U.S.C. § 110.)
**X** _____
Signature of Bankruptcy Petition Preparer of officer, principal, responsible person, or
partner whose Social Security number is provided above.

### Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

Turoci, Christopher J _____        **X** */s/ Christopher J Turoci*                    7/30/2013
Printed Name(s) of Debtor(s)                        Signature of Debtor                          Date

Case No. (if known) _____        **X** _____
                                                    Signature of Joint Debtor (if any)             Date

**Instructions:** Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# United States Bankruptcy Court
## Central District of California

IN RE:                                                              Case No. _____

Turoci, Christopher J _____   Chapter **7** _____

                                    Debtor(s)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 865,000.00 | | |
| B - Personal Property | Yes | 3 | $ 97,080.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 870,662.41 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $ 26,248.91 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | $ 1,898,914.21 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $ 3,100.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | $ 11,790.25 |
| TOTAL | | 16 | $ 962,080.00 | $ 2,795,825.53 | |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**Form 6 - Statistical Summary (12/07)**

## United States Bankruptcy Court
## Central District of California

IN RE:                                                          Case No. _____

Turoci, Christopher J                                          Chapter **7** _____
Debtor(s)

### STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | | Amount |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | **0.00** |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ | **26,248.91** |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ | **0.00** |
| Student Loan Obligations (from Schedule F) | $ | **0.00** |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ | **0.00** |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | **0.00** |
| **TOTAL** | $ | **26,248.91** |

**State the following:**

| | | |
|---|---|---|
| Average Income (from Schedule I, Line 16) | $ | **3,100.00** |
| Average Expenses (from Schedule J, Line 18) | $ | **11,790.25** |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ | **10,113.78** |

**State the following:**

| | | | |
|---|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ | **460.69** |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | **26,248.91** | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ | **0.00** |
| 4. Total from Schedule F | | | $ **1,898,914.21** |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | | $ **1,899,374.90** |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6A (Official Form 6A) (12/07)

IN RE **Turoci, Christopher J**                                                                    Case No. _____
　　　　　　　　　　　　　　　　Debtor(s)                                                                          (If known)

## SCHEDULE A - REAL PROPERTY

    Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

    **Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

    If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

    If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **23 Sagebrush Way**<br>**Azusa, CA 91702** | | | **515,000.00** | **514,686.53** |
| **974 Sandstone Drive**<br>**Glendora, CA 91740**<br>**Broker Price Opinion 7/17/2013 $345,000 - $380,000** | | | **350,000.00** | **329,515.19** |
| | | **TOTAL** | **865,000.00** | |

(Report also on Summary of Schedules)

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07)

**IN RE** Turoci, Christopher J               Case No. _____

Debtor(s)                                        (If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | bank of america | | 1,000.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, include audio, video, and computer equipment. | | misc household items | | 3,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | misc clothing | | 1,500.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issue. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | B of A IRA | | 580.00 |
| | | C.K. Cooper IRA | | 60,000.00 |
| | | Citibank 401K | | 5,000.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07) - Cont.

IN RE Turoci, Christopher J
_____  Case No. _____
            Debtor(s)                                             (If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2012 Honda Pilot | | 26,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07) - Cont.

IN RE __Turoci, Christopher J__ _____    Case No. _____
Debtor(s)                                    (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | **TOTAL** | **97,080.00** |

(Include amounts from any continuation sheets attached.<br>Report total also on Summary of Schedules.)

_____ **0** continuation sheets attached

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6C (Official Form 6C) (04/13)

**IN RE** Turoci, Christopher J _____ Case No. _____
                                    Debtor(s)                                      (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:     ☐ Check if debtor claims a homestead exemption that exceeds $155,675. *
(Check one box)

☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE A - REAL PROPERTY** | | | |
| **974 Sandstone Drive Glendora, CA 91740 Broker Price Opinion 7/17/2013 $345,000 - $380,000** | **CCCP § 704.730(a)(1)** | **20,484.81** | **350,000.00** |
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| **bank of america** | **CCCP § 704.080** | **1,000.00** | **1,000.00** |
| **misc household items** | **CCCP § 704.020** | **3,000.00** | **3,000.00** |
| **misc clothing** | **CCCP § 704.020** | **1,500.00** | **1,500.00** |
| **B of A IRA** | **CCCP § 704.110(b), Gov. Code § 21201** | **580.00** | **580.00** |
| **C.K. Cooper IRA** | **CCCP § 704.110(b), Gov. Code § 21201** | **60,000.00** | **60,000.00** |
| **Citibank 401K** | **CCCP § 704.110(b), Gov. Code § 21201** | **5,000.00** | **5,000.00** |

*Amount subject to adjustment on 4/1/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6D (Official Form 6D) (12/07)

IN RE **Turoci, Christopher J** _____   Case No. _____
Debtor(s) (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **4541** <br><br>**Bank Of America**<br>**P.O. Box 5170**<br>**Simi Valley, CA  93065** | | | **974 Sandstone Drive**<br><br><br><br>VALUE $ **350,000.00** | | | | **329,515.19** | |
| ACCOUNT NO. **8863** <br><br>**Honda Financial Sevices**<br>**PO Box 6070**<br>**Cypress, CA  90630-6070** | | | **2012 Honda Pilot**<br><br><br><br>VALUE $ **26,000.00** | | | | **26,460.69** | **460.69** |
| ACCOUNT NO. **9089** <br><br>**PHH Mortgae**<br>**PO Box 5445 Mailstop SV45**<br>**Mt Laurel, NJ  08054-5459** | | | **23 Sagebrush Rental 2nd Mortgage**<br><br><br>VALUE $ **515,000.00** | | | | **76,750.88** | |
| ACCOUNT NO. **6964** <br><br>**PHH Mortgage**<br>**PO Box 5459**<br>**Mt Laurel, NJ  08054-5459** | | | **23 Sagebrush rental**<br><br><br><br>VALUE $ **515,000.00** | | | | **437,935.65** | |

**0** continuation sheets attached

| | | |
|---|---|---|
| Subtotal <br> (Total of this page) | $ **870,662.41** | $ **460.69** |
| Total <br> (Use only on last page) | $ **870,662.41** | $ **460.69** |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6E (Official Form 6E) (04/13)

**IN RE** Turoci, Christopher J  _____  Case No. _____
Debtor(s)  (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____ **1** continuation sheets attached

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6E (Official Form 6E) (04/13) - Cont.

IN RE **Turoci, Christopher J**                                                                 Case No. _____
_____                              _____
                          Debtor(s)                                                                                    (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

## Taxes and Other Certain Debts Owed to Governmental Units
(Type of Priority for Claims Listed on This Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **8542** <br><br>**Internal Revenue Service Cincinnati, OH  45999-0149** | | | **unpaid personal taxes** | | | | **26,248.91** | **26,248.91** | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |

Sheet no. ____**1**____ of ____**1**____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal (Totals of this page) | $ **26,248.91** | $ **26,248.91** | $ |
|---|---|---|---|---|
| | Total (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ **26,248.91** | | |
| | Total (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $ **26,248.91** | $ |

IN RE Turoci, Christopher J                                                Case No. _____
                          Debtor(s)                                                      (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **5008**<br>**American Express**<br>**P O Box 0001**<br>**Los Angeles, CA 90096-8000** | | | **Misc unpaid credit purchases** | | | | **20,278.00** |
| ACCOUNT NO. **6183**<br>**Bank Of America**<br>**P O Box 15019**<br>**Wilmington, DE 19886-5019** | | | **Misc unpaid credit purchases** | | | | **45,342.65** |
| ACCOUNT NO. **6280**<br>**Barclay Credit Card**<br>**PO Box 13337**<br>**Philadelphia, PA 19101-3337** | | | **Misc unpaid credit purchases** | | | | **1,425.28** |
| ACCOUNT NO. **8914**<br>**Chase Credit Card**<br>**PO Box 94014**<br>**Palatine, IL 60094** | | | **Misc unpaid credit purchases** | | | | **1,905.00** |

__2__ continuation sheets attached

Subtotal
(Total of this page)   $   **68,950.93**

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)   $

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** Turoci, Christopher J _____    Case No. _____
    Debtor(s)    (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **4450**<br>**Christopher Mader**<br>**Baldwin Law Group**<br>**530 Oak Grove Ave Ste 207**<br>**Menlo Park, CA  94025** | | | Atbitration 11-04450 C.K. Cooper & Company Inc<br>**BARBARA EVANS, BARBARA MONTINE EVANS IRA, THE RONALD C EVANS IRA, SUCCESSOR TRUSTEE OF THE RONALD C. EVANS AND BARBARA M EVANS RECOVABLE TRUST DATED 08/01/2005** | | | | **500,000.00** |
| ACCOUNT NO. **5679**<br>**Christopher Mader/ Mike Fuller**<br>**Baldwin Law Group**<br>**530 Oak Grove Ave Ste 207**<br>**Menlo Park, CA  94025** | | | arbitration 10-05679 C.K. Cooper & Company inc.<br>MIKE J FULLER, AKIRA AKAGAWA, ANNA X LIAO, FULLER-LIAO FAMILY TRUST, SEIKO AKAGWA, PATRICK BALDWIN, CHIRSTOPHER MADER, WESTMOORE SECURITIES INC, WESTMOORE TRADING COMPANY, WESTMOORE INVESTMENT LP, WESTMOORE PARTNERS INC, WESTMOORE MANAGEMENT LLC, WESTMOORE CAPITAL GROUP LLC, WESTMOORE CAPITAL MANAGEMENT INC., WESTMOORE LP, WESTMOORE REALTY INC, WESTMOORE LENDING LLC | | | | **813,711.85** |
| ACCOUNT NO. **3808**<br>**Citi Cards**<br>**Processing Center**<br>**Des Moines, IA  50363-0005** | | | Misc unpaid credit purchases | | | | **5,011.79** |
| ACCOUNT NO. **6968**<br>**Citi Cards**<br>**PO Bo 688922**<br>**Des Moines, IA  50368-8922** | | | Misc unpaid credit purchases | | | | **6,232.14** |
| ACCOUNT NO. **1491**<br>**Citi Cards**<br>**Processing Center**<br>**Des Moines, IA  50363-0005** | | | Misc unpaid credit purchases | | | | **3,654.50** |
| ACCOUNT NO. **4295**<br>**Cole Hamels Living Trust U/A**<br>**C/O Christopher Mader**<br>**530 Oak Grove Ave Ste 207**<br>**Menlo Park, CA  94025** | | | arbitration 11-04195<br>**C.K. Cooper & Company Inc.** | | | | **450,000.00** |
| ACCOUNT NO. **roci**<br>**David Jarvis**<br>**Jarvis Law Group**<br>**7031 Orchard Lake Road Suite 203**<br>**West Bloomfield, MI  48322** | | | Attorney who handeled arbitration for 10-05679,11<br>-04295, and 11-04450<br>**C.K. Cooper & Company Inc.** | | | | **unknown** |

Sheet no. **1** of **2** continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ **1,778,610.28**

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Turoci, Christopher J _____    Case No. _____
                                    Debtor(s)                                                    (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **5679**<br><br>**FINRA Dispute Resolution**<br>**300 S Grand Avenue Ste 900**<br>**Los Angeles, CA 90071** | | | **arbitration 10-0679 fees** | | | | **38,225.00** |
| ACCOUNT NO. **roci**<br><br>**Jones, Bell, Abbott, Fleming & Fitzgeral**<br>**601 S Figueroa Street 27th Floor**<br>**Los Angeles, CA 90017** | | | **Attorney for arbitration cases 10-05679, 11-04295, and 11-04450**<br>**C.K. Cooper & Company Inc.** | | | | **unknown** |
| ACCOUNT NO. **7283**<br><br>**US Bank**<br>**PO Box 790408**<br>**St Louis, MO 50363-0005** | | | **Misc unpaid credit purchases** | | | | **13,128.00** |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. **2** of **2** continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ **51,353.00**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $ **1,898,914.21**

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6G (Official Form 6G) (12/07)

IN RE Turoci, Christopher J _____    Case No. _____
Debtor(s)                                                        (If known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

    Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6H (Official Form 6H) (12/07)

IN RE **Turoci, Christopher J**                 Case No. _____
                     Debtor(s)                                                     (If known)

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6I (Official Form 6I) (12/07)

IN RE Turoci, Christopher J _____   Case No. _____
                       Debtor(s)                                       (If known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on From 22A, 22B, or 22C.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| **Single** | RELATIONSHIP(S):<br>**Son**<br>**Son**<br>**Son**<br>**Niece** | | AGE(S):<br>**10**<br>**9**<br>**7**<br>**16** |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Sales** | |
| Name of Employer | **US Bank Tower** | |
| How long employed | | |
| Address of Employer | **633 West 5th, 29th Floor**<br>**Los Angeles, CA  90071-0000** | |

**INCOME:** (Estimate of average or projected monthly income at time case filed)

| | DEBTOR | SPOUSE |
|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $ _____ | $ _____ |
| 2. Estimated monthly overtime | $ _____ | $ _____ |
| **3. SUBTOTAL** | $ **0.00** | $ _____ |
| 4. LESS PAYROLL DEDUCTIONS | | |
|   a. Payroll taxes and Social Security | $ _____ | $ _____ |
|   b. Insurance | $ _____ | $ _____ |
|   c. Union dues | $ _____ | $ _____ |
|   d. Other (specify) _____ | $ _____ | $ _____ |
| | $ _____ | $ _____ |
| **5. SUBTOTAL OF PAYROLL DEDUCTIONS** | $ **0.00** | $ _____ |
| **6. TOTAL NET MONTHLY TAKE HOME PAY** | $ **0.00** | $ _____ |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ _____ | $ _____ |
| 8. Income from real property | $ _____ | $ _____ |
| 9. Interest and dividends | $ _____ | $ _____ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ _____ | $ _____ |
| 11. Social Security or other government assistance (Specify) _____ | $ _____ | $ _____ |
| | $ _____ | $ _____ |
| 12. Pension or retirement income | $ _____ | $ _____ |
| 13. Other monthly income (Specify) **Rental Income** | $ **3,100.00** | $ _____ |
| | $ _____ | $ _____ |
| | $ _____ | $ _____ |
| **14. SUBTOTAL OF LINES 7 THROUGH 13** | $ **3,100.00** | $ _____ |
| **15. AVERAGE MONTHLY INCOME** (Add amounts shown on lines 6 and 14) | $ **3,100.00** | $ _____ |

**16. COMBINED AVERAGE MONTHLY INCOME**: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15)

                                            $       **3,100.00**

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document: **New job, as of date of filing debtor has not received any pay check.  Estimated gross before taxes is expected to be $10,000.00 monthly.**

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6J (Official Form 6J) (12/07)

IN RE <u>Turoci, Christopher J</u>            Case No. _____

Debtor(s)                         (If known)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 2,323.00 |
|    a. Are real estate taxes included?    Yes ✓ No ____ | |
|    b. Is property insurance included?    Yes ✓ No ____ | |
| 2. Utilities: | |
|    a. Electricity and heating fuel | $ 150.00 |
|    b. Water and sewer | $ 50.00 |
|    c. Telephone | $ 110.00 |
|    d. Other **See Schedule Attached** | $ 253.00 |
| | $ |
| 3. Home maintenance (repairs and upkeep) | $ 100.00 |
| 4. Food | $ 900.00 |
| 5. Clothing | $ 244.00 |
| 6. Laundry and dry cleaning | $ 74.00 |
| 7. Medical and dental expenses | $ 42.00 |
| 8. Transportation (not including car payments) | $ 450.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 180.00 |
| 10. Charitable contributions | $ |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|    a. Homeowner's or renter's | $ 42.25 |
|    b. Life | $ 230.00 |
|    c. Health | $ |
|    d. Auto | $ 150.00 |
|    e. Other ____ | $ |
| | $ |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
|    (Specify) ____ | $ |
| | $ |
| 13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | |
|    a. Auto | $ 609.00 |
|    b. Other **See Schedule Attached** | $ 3,568.00 |
| | $ |
| 14. Alimony, maintenance, and support paid to others | $ |
| 15. Payments for support of additional dependents not living at your home | $ |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ |
| 17. Other **See Schedule Attached** | $ 2,315.00 |
| | $ |
| | $ |

**18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.     $ 11,790.25

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**None**

**20. STATEMENT OF MONTHLY NET INCOME**

| | |
|---|---:|
|    a. Average monthly income from Line 15 of Schedule I | $ 3,100.00 |
|    b. Average monthly expenses from Line 18 above | $ 11,790.25 |
|    c. Monthly net income (a. minus b.) | $ -8,690.25 |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE Turoci, Christopher J** _____ Case No. _____

Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Continuation Sheet - Page 1 of 1

| | |
|---|---:|
| Other Utilities | |
| **So Cal Gas** | **65.00** |
| **Cable & Internet** | **188.00** |
| | |
| Other Installment Payments | |
| **1st Mortgage On Sagebrush** | **2,859.00** |
| **2nd Mortgae On Sagebrush** | **179.00** |
| **HOA On Residence** | **250.00** |
| **HOA On Sagebrush** | **180.00** |
| **Gardener On Rental** | **100.00** |
| | |
| Other Expenses | |
| **Private School Tuition** | **800.00** |
| **Housekeeper** | **240.00** |
| **Child Support 50/50 Custody** | **1,000.00** |
| **Parking** | **275.00** |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6 Declaration (Official Form 6 - Declaration) (12/07)

IN RE **Turoci, Christopher J** _____   Case No. _____
                            Debtor(s)                                      (If known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**18** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: **July 30, 2013** _____   Signature: **_/s/ Christopher J Turoci_** _____
                                                  **Christopher J Turoci**                                   Debtor

Date: _____   Signature: _____
                                                                                          (Joint Debtor, if any)
                                                                              [If joint case, both spouses must sign.]

---

DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____   _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer       Social Security No. (Required by 11 U.S.C. § 110.)
*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document.*

_____

_____
Address

_____   _____
Signature of Bankruptcy Petition Preparer                                   Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____   Signature: _____

                                                      _____
                                                      (Print or type name of individual signing on behalf of debtor)

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Central District of California

IN RE:                                                    Case No. _____

Turoci, Christopher J _____    Chapter **7** _____

Debtor(s)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101(2),(31).

---

### 1. Income from employment or operation of business

None  ☐   State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 300,000.00 | 2012 |
| 42,000.00 | 2013 |

---

### 2. Income other than from employment or operation of business

None  ☐   State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 0.00 | Rental Property $3100/monthly |

---

### 3. Payments to creditors
**Complete a. or b., as appropriate, and c.**

None  ☐   *a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Bank Of America**<br>**P.O. Box 5170**<br>**Simi Valley, CA  93065-0000** | **3 x 2323** | **6,969.00** | **329,515.19** |
| **PHH Mortgage**<br>**PO Box 5459**<br>**Mt Laurel, NJ  08054-5459** | **3 x2859** | **8,577.00** | **437,935.65** |
| **PHH Mortgae**<br>**PO Box 5445 Mailstop SV45**<br>**Mt Laurel, NJ  08054-5459** | **3 x 179** | **537.00** | **76,750.88** |
| **Honda Financial Sevices**<br>**PO Box 6070**<br>**Cypress, CA  90630-6070** | **3 x 609** | **1,827.00** | **26,460.69** |

None ☑ *b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made* within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,255.* If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None ☑ *c. All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **FINRA DISPUTE REOLUTION ARBITRATION NUMBER 10-05679**<br>**MIKE J FULLER AND ANNA X LIAN ET AL. VS WESTMOORE SECURITIES, INC ET AL** | **NEGLIENCE** | **300 SOUTH GRAND AVENUE, SUITE 900**<br>**LOS ANGELES, CA 90071** | **PENDING** |

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**5. Repossessions, foreclosures and returns**

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**6. Assignments and receiverships**

None ☑ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**7. Gifts**

None ☑ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**8. Losses**

None ☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**9. Payments related to debt counseling or bankruptcy**

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Law Offices of Douglas Lee Weeks**<br>**1475 S. State College Blvd., Suite 224**<br>**Anaheim, CA 92806** | **7/03/2013** | **1,400.00** |
| **Advisory Credit** | **7/02/2013** | **35.00** |

**10. Other transfers**

None ☐ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Western Star Fianancial**<br>**14895 Bear Valley Road**<br>**Hesperia, CA** | **07/2013** | **sold investment property in Kentucky**<br>**to pay outstanding IRS past due**<br>**income taxes $80,000.00** |

None ☑ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

**11. Closed financial accounts**

None ☑ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**12. Safe deposit boxes**

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13. Setoffs**

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

None ☑ List all property owned by another person that the debtor holds or controls.



**15. Prior address of debtor**

None ☑ If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

**16. Spouses and Former Spouses**

None ☐ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME
**Tina Turoci**
**989 Aleghery Circle**
**San Dimas, CA**

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, location and name of business**

None ☑ a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

None  b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: **July 30, 2013**_____    Signature  */s/ Christopher J Turoci*_____

of Debtor    **Christopher J Turoci**

Date: _____    Signature  _____

of Joint Debtor
(if any)

_____**0** continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. § 152 and 3571.*

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**United States Bankruptcy Court**

**Central District of California**

IN RE:                                                                    Case No. _____

**Turoci, Christopher J**                                                 Chapter **7** _____

_____
Debtor(s)

**CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION**

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**Bank Of America** | **Describe Property Securing Debt:**<br>**974 Sandstone Drive** |

Property will be *(check one)*:
☐ Surrendered  ☑ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☑ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☑ Claimed as exempt  ☐ Not claimed as exempt

| Property No. 2 (if necessary) | |
|---|---|
| **Creditor's Name:**<br>**Honda Financial Sevices** | **Describe Property Securing Debt:**<br>**2012 Honda Pilot** |

Property will be *(check one)*:
☐ Surrendered  ☑ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☑ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt  ☑ Not claimed as exempt

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ Yes ☐ No |

| Property No. 2 (if necessary) | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ Yes ☐ No |

___**1** continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: _____**July 30, 2013**_____      */s/ Christopher J Turoci*_____
                                              Signature of Debtor

                                              _____
                                              Signature of Joint Debtor

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B8 (Official Form 8) (12/08)

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION
### *(Continuation Sheet)*

**PART A** – Continuation

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>**PHH Mortgae** | **Describe Property Securing Debt:**<br>**23 Sagebrush Way** |

Property will be *(check one)*:
☐ Surrendered  ☑ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☑ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt  ☑ Not claimed as exempt

| Property No. 4 | |
|---|---|
| **Creditor's Name:**<br>**PHH Mortgage** | **Describe Property Securing Debt:**<br>**23 Sagebrush Way** |

Property will be *(check one)*:
☐ Surrendered  ☑ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☑ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt  ☑ Not claimed as exempt

| Property No. | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
☐ Surrendered  ☐ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt  ☐ Not claimed as exempt

**PART B** – Continuation

| Property No. | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ Yes ☐ No |

| Property No. | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ Yes ☐ No |

Continuation sheet ___**1**___ of ___**1**___

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## United States Bankruptcy Court
## Central District of California

IN RE:

Case No. _____

Turoci, Christopher J _____    Chapter **7** _____

Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept ................................................................. $ _____**1,400.00**

    Prior to the filing of this statement I have received ........................................................ $ _____**1,400.00**

    Balance Due ......................................................................................... $ _____**0.00**

2.  The source of the compensation paid to me was: ☑ Debtor ☐ Other (specify):

3.  The source of compensation to be paid to me is: ☐ Debtor ☐ Other (specify):

4.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~
    e.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above disclosed fee does not include the following services:

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

_____**July 30, 2013**_____    ___***/s/ Douglas Lee Weeks***_____
Date

**Douglas Lee Weeks 078531**
**Law Offices of Douglas Lee Weeks**
**1475 S. State College Blvd., Suite 224**
**Anaheim, CA  92806**

**micwks@aol.com**

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>**Douglas Lee Weeks**<br>**1475 S. State College Blvd., Suite 224**<br>**Anaheim, CA 92806**<br>**Phone:  Fax:**<br>**Email: micwks@aol.com**<br>**Bar Number: 078531**<br><br>☐ *Attorney for* **Turoci, Christopher J** | FOR COURT USE ONLY |

## United States Bankruptcy Court
## Central District of California

| In re :<br><br>**Turoci, Christopher J** | CASE NO:<br>CHAPTER **7** |
| | **DECLARATION RE: LIMITED SCOPE OF APPEARANCE PURSUANT TO LBR 2090-1** |
| Debtor (s). | [No Hearing Required] |

TO THE COURT, THE DEBTOR, THE TRUSTEE (if any), AND THE UNITED STATES TRUSTEE:

1.  I am the attorney for the Debtor in the above-captioned bankruptcy case.

2.  On *(specify date)* 07/03/2013 I agreed with the Debtor that for a fee of $1400.00, I would provide the following services only:
    a.  ☒ Prepare and file the Petition and Schedules
    b.  ☒ Represent the Debtor at the 341(a) Meeting
    c.  ☐ Represent the Debtor in any relief from stay motions
    d.  ☐ Represent the Debtor in any proceeding involving an objection to Debtor's discharge pursuant to 11 U.S.C. § 727
    e.  ☐ Represent the Debtor in any proceeding to determine whether a specific debt is nondischargeable under 11 U.S.C. § 523
    f.  ☐ Other *(specify)*:

3.  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on the following date at the city set forth in the upper left-hand corner of the prior page.

Date   **July 11, 2013**

**Law Offices of Douglas Lee Weeks**
Printed name of law firm

I HEREBY APPROVE THE ABOVE:

*/s/ Christopher J Turoci*
Signature of Debtor

*/s/ Douglas Lee Weeks*
Signature of attorney

**Douglas Lee Weeks**
Printed name of attorney

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**F 2090-1.1.DEC.LTD.SCOPE**

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:


A true and correct copy of the foregoing document entitled: **DECLARATION RE: LIMITED SCOPE OF APPEARANCE PURSUANT TO LBR 2090-1** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:


☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____ , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge  will be completed no later than 24 hours after the document is filed.


☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge  will be completed no later than 24 hours after the document is filed.


☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 11, 2013 | Christopher J Turoci | /s/ Christopher J Turoci |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |


This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 2                    **F 2090-1.1.DEC.LTD.SCOPE**

## United States Bankruptcy Court
## Central District of California

| In re | CHAPTER: **7** |
| **Turoci, Christopher J** | CASE NO.: |
| Debtor(s). | |

## DEBTOR'S CERTIFICATION OF EMPLOYMENT INCOME

## PURSUANT TO 11 U.S.C. § 521(a)(1)(B)(iv)

Please fill out the following blank(s) and check the box next to <u>one</u> of the following statements:

I, **Turoci, Christopher J** _____, the debtor in this case, declare under penalty

       *(Print Name of Debtor)*

of perjury under the laws of the United States of America that:

☒   I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
    *(NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.)*

☐   I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

☐   I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.


I, _____, the debtor in this case, declare under penalty of

       *(Print Name of Joint Debtor, if any)*

perjury under the laws of the United States of America that:

☐   I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
    *(NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.)*

☐   I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

☐   I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.


Date: **July 29, 2013** _____    Signature */s/ Christopher J Turoci* _____
                                        *Debtor*

Date: _____    Signature _____
                                          *Joint Debtor (if any)*

B22A (Official Form 22A) (Chapter 7) (04/13)

| According to the information required to be entered on this statement (check one box as directed in Part I, III, or VI of this statement): |
| --- |
| ☐ **The presumption arises** |
| ☑ **The presumption does not arise** |
| ☐ **The presumption is temporarily inapplicable.** |

In re: **Turoci, Christopher J**
_____
                    Debtor(s)

Case Number: _____
                    (If known)

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
# AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor. If none of the exclusions in Part I applies, joint debtors may complete one statement only. If any of the exclusions in Part I applies, joint debtors should complete separate statements if they believe this is required by § 707(b)(2)(C).

| | **Part I. MILITARY AND NON-CONSUMER DEBTORS** |
| --- | --- |
| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Veteran's Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement. <br><br> ☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement. <br><br> ☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.** <br><br> ☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard <br><br>      a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and <br>         ☐ I remain on active duty /or/ <br>         ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed; <br><br>        OR <br><br>      b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/ <br>         ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B22A (Official Form 22A) (Chapter 7) (04/13)

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| | Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION | | |
|---|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☑ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br>d. ☐ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A**<br>Debtor's<br>Income | **Column B**<br>Spouse's<br>Income |
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ 7,013.78 | $ |
| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.**<br><br>a. Gross receipts $<br>b. Ordinary and necessary business expenses $<br>c. Business income    Subtract Line b from Line a | $ | $ |
| 5 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.**<br><br>a. Gross receipts $ 3,100.00<br>b. Ordinary and necessary operating expenses $<br>c. Rent and other real property income    Subtract Line b from Line a | $ 3,100.00 | $ |
| 6 | **Interest, dividends, and royalties.** | $ | $ |
| 7 | **Pension and retirement income.** | $ | $ |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $ | $ |
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act    Debtor $ _____    Spouse $ _____ | $ | $ |

**B22A (Official Form 22A) (Chapter 7) (04/13)**

| | | | | |
|---|---|---|---|---|
| 10 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | | |
| | a. | | $ | |
| | b. | | $ | |
| | Total and enter on Line 10 | | $ | $ |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | | $        10,113.78 | $ |
| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | | $ | 10,113.78 |

<table>
<tr><td colspan="3" align="center"><b>Part III. APPLICATION OF § 707(B)(7) EXCLUSION</b></td></tr>
</table>

| | | |
|---|---|---|
| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $        121,365.36 |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  a. Enter debtor's state of residence: **California**                  b. Enter debtor's household size:  **5** | $        83,756.00 |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed. ☐ **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI, or VII. ☑ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. |

### Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15.)

<table>
<tr><td colspan="3" align="center"><b>Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)</b></td></tr>
</table>

| | | |
|---|---|---|
| 16 | **Enter the amount from Line 12.** | $        10,113.78 |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. | |
| | a.                                              $ | |
| | b.                                              $ | |
| | c.                                              $ | |
| | Total and enter on Line 17. | $ |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $        10,113.78 |

<table>
<tr><td colspan="2" align="center"><b>Part V. CALCULATION OF DEDUCTIONS FROM INCOME</b></td></tr>
<tr><td colspan="2" align="center"><b>Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)</b></td></tr>
</table>

| | | |
|---|---|---|
| 19A | **National Standards: food, clothing and other items.** Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $        1,746.00 |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**B22A (Official Form 22A) (Chapter 7) (04/13)**

| | | | |
|---|---|---|---|
| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | | |

| Persons under 65 years of age | | Persons 65 years of age or older | |
|---|---|---|---|
| a1. | Allowance per person | **60.00** | a2. | Allowance per person | **144.00** |
| b1. | Number of persons | **5** | b2. | Number of persons | **0** |
| c1. | Subtotal | **300.00** | c2. | Subtotal | **0.00** |

$ **300.00**

| | | |
|---|---|---|
| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ **614.00** |

| | | |
|---|---|---|
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court)(the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | |

| a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ **2,569.00** |
|---|---|---|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ **2,323.00** |
| c. | Net mortgage/rental expense | Subtract Line b from Line a |

$ **246.00**

| | | |
|---|---|---|
| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |

| | | |
|---|---|---|
| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.<br>☐ 0  ☑ 1  ☐ 2 or more.<br>If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ **295.00** |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B22A (Official Form 22A) (Chapter 7) (04/13)

| | |
|---|---|
| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) |

For line 22B the right column shows `$`.

| | |
|---|---|
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br>☑ 1  ☐ 2 or more.<br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** |

| | | | |
|---|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs | $ | 517.00 |
| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ | 609.00 |
| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a | $ |

| | |
|---|---|
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** |

| | | | |
|---|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs, Second Car | $ | |
| b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ | |
| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a | $ |

| | | |
|---|---|---|
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ 2,245.48 |
| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare — such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B22A (Official Form 22A) (Chapter 7) (04/13)

| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service — such as pagers, call waiting, caller id, special long distance, or internet service — to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
|---|---|---|
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ 5,446.48 |

| | **Subpart B: Additional Living Expense Deductions** Note: Do not include any expenses that you have listed in Lines 19-32 | |
|---|---|---|

| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | |
|---|---|---|

| | a. | Health Insurance | $ |
|---|---|---|---|
| | b. | Disability Insurance | $ |
| | c. | Health Savings Account | $ |

Total and enter on Line 34      $

**If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below:

$ _____

| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
|---|---|---|
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $156.25* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |
| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ |

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B22A (Official Form 22A) (Chapter 7) (04/13)

| | | Subpart C: Deductions for Debt Payment | | |
|---|---|---|---|---|
| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | | | |

**Line 42 chart:**

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | **Bank Of America** | **Residence** | $ **2,323.00** | ☑ yes ☐ no |
| b. | **Honda Financial Sevices** | **Automobile (1)** | $ **609.00** | ☐ yes ☑ no |
| c. | **See Continuation Sheet** | | $ **3,038.00** | ☐ yes ☐ no |
| | | Total: Add lines a, b and c. | | |

Total line 42: $ **5,970.00**

| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. |
|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| b. | | | $ |
| c. | | | $ |
| | | Total: Add lines a, b and c. | |

Total line 43: $

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ **437.48** |
|---|---|---|

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | |
|---|---|---|

| | | |
|---|---|---|
| a. | Projected average monthly chapter 13 plan payment. | $ |
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | X |
| c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b |

Total line 45: $

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ **6,407.48** |
|---|---|---|

| | Subpart D: Total Deductions from Income | |
|---|---|---|
| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ **11,853.96** |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B22A (Official Form 22A) (Chapter 7) (04/13)

| | Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION | | |
|---|---|---|---|
| 48 | **Enter the amount from Line 18 (Current monthly income for § 707(b)(2))** | $ | **10,113.78** |
| 49 | **Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2))** | $ | **11,853.96** |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ | **0.00** |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ | **0.00** |
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>☑ **The amount on Line 51 is less than $7,475\*.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount set forth on Line 51 is more than $12,475\*.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI.<br><br>☐ **The amount on Line 51 is at least $7,475\*, but not more than $12,475\*.** Complete the remainder of Part VI (Lines 53 though 55). | | |
| 53 | **Enter the amount of your total non-priority unsecured debt** | $ | |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ | |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br><br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. | | |

| | Part VII. ADDITIONAL EXPENSE CLAIMS | |
|---|---|---|
| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | Total: Add Lines a, b and c | $ |

| | Part VIII. VERIFICATION | |
|---|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)*<br><br>Date: **July 30, 2013**     Signature: **/s/ Christopher J Turoci**<br>(Debtor)<br><br>Date: _____     Signature: _____<br>(Joint Debtor, if any) | |

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Turoci, Christopher J** _____    Case No. _____
                                               Debtor(s)

## CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
### Continuation Sheet - Future payments on secured claims

| Name of Creditor | Property Securing the Debt | 60-month Average Pmt | Does payment include taxes or insurance? |
|---|---|---|---|
| **PHH Mortgae** | **Rental Property** | **179.00** | **No** |
| **PHH Mortgage** | **Rental Property** | **2,859.00** | **Yes** |

**United States Bankruptcy Court**
**Central District of California**

**IN RE:**                                                    Case No. _____

Turoci, Christopher J _____    Chapter **7**_____
                                    Debtor(s)

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of _____**4** sheet(s) is complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date: **July 30, 2013**_____    Signature: */s/ Christopher J Turoci*_____
                                                    **Christopher J Turoci**                                    Debtor

Date: _____    Signature: _____
                                                                                              Joint Debtor, if any

Date: **July 30, 2013**_____    Signature: */s/ Douglas Lee Weeks*_____
                                                    **Douglas Lee Weeks 078531**                    Attorney (if applicable)

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

```
Christopher J Turoci
974 Sandstone Drive
Glendora, CA   91740


Law Offices of Douglas Lee Weeks
1475 S State College Blvd Suite
Anaheim, CA   92806
```

American Express
P O Box 0001
Los Angeles, CA  90096-8000

Bank Of America
P O Box 15019
Wilmington, DE  19886-5019

Bank Of America
PO Box 5170
Simi Valley, CA  93065

Barclay Credit Card
PO Box 13337
Philadelphia, PA  19101-3337

Chase Credit Card
PO Box 94014
Palatine, IL  60094

Christopher Mader
Baldwin Law Group
530 Oak Grove Ave Ste 207
Menlo Park, CA  94025

Christopher Mader/ Mike Fuller
Baldwin Law Group
530 Oak Grove Ave Ste 207
Menlo Park, CA  94025

Citi Cards
Processing Center
Des Moines, IA  50363-0005

Citi Cards
PO Bo 688922
Des Moines, IA  50368-8922

Cole Hamels Living Trust U/A
C/O Christopher Mader
530 Oak Grove Ave Ste 207
Menlo Park, CA  94025

David Jarvis
Jarvis Law Group
7031 Orchard Lake Road Suite 203
West Bloomfield, MI  48322

FINRA Dispute Resolution
300 S Grand Avenue Ste 900
Los Angeles, CA  90071

Honda Financial Sevices
PO Box 6070
Cypress, CA  90630-6070

Internal Revenue Service
Cincinnati, OH  45999-0149

Jones Bell Abbott Fleming & Fitz
601 S Figueroa Street 27th Floor
Los Angeles, CA  90017

PHH Mortgae
PO Box 5445 Mailstop SV45
Mt Laurel, NJ  08054-5459

PHH Mortgage
PO Box 5459
Mt Laurel, NJ  08054-5459

US Bank
PO Box 790408
St Louis, MO   50363-0005

# EXHIBIT J

 **Gmail**

Ben Heston <ben@nexusbk.com>

## Fwd: Foreclosure

1 message

**Jared Scarth** ███████████████                    Fri, Mar 24, 2023 at 12:52 PM
To: Ben Heston <ben@nexusbk.com>, victoria scarth ███████████████████

---------- Forwarded message ---------
From: **Prominence Capital Partners** ████████████████
Date: Tue, Mar 14, 2023 at 11:06 AM
Subject: Foreclosure
To: Jared Scarth ██████████████████, Victoria Scarth ████████████████████

Hi Scarths,
Sale was postponed 2 weeks (March 28th).  I believe we should be able to come to come to an agreement now that we have some time.  Please have your attorney contact me (I don't believe we can discuss debt collection now that you've filed BK) so we can start discussing solutions.

Chris

# EXHIBIT K

