United States Bankruptcy Court

Central District of California

In re: Case No. 23-10960-WJ
Jared Hunter Scarth Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0973-6      User: admin      Page 1 of 2
Date Rcvd: May 25, 2023      Form ID: pdf042      Total Noticed: 1

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 27, 2023:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Jared Hunter Scarth, 31222 Mangrove Dr, Temecula, CA 92592-4176 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 27, 2023      Signature:      /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 25, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Ali Matin | on behalf of U.S. Trustee United States Trustee (RS) ali.matin@usdoj.gov carolyn.k.howland@usdoj.gov |
| Benjamin Heston | on behalf of Debtor Jared Hunter Scarth bhestonecf@gmail.com benheston@recap.email,NexusBankruptcy@jubileebk.net |
| Bradley A Patterson | on behalf of Defendant Christopher J Turoci bapatterson@lgilaw.com |
| Bradley A Patterson | on behalf of Defendant Prominence Capital Partners LLC bapatterson@lgilaw.com |
| Bradley A Patterson | on behalf of Defendant Todd Turoci bapatterson@lgilaw.com |
| Bradley A Patterson | on behalf of Creditor Prominence Capital Partners bapatterson@lgilaw.com |
| Brandon J Iskander | on behalf of Interested Party Brandon Iskander biskander@goeforlaw.com kmurphy@goeforlaw.com |
| Jennifer C Wong | on behalf of Interested Party Courtesy NEF bknotice@mccarthyholthus.com jwong@ecf.courtdrive.com |

| District/off: 0973-6 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: May 25, 2023 | Form ID: pdf042 | Total Noticed: 1 |

Robert P Goe
    on behalf of Interested Party Robert P Goe kmurphy@goeforlaw.com  rgoe@goeforlaw.com;goeforecf@gmail.com

Rod Danielson (TR)
    notice-efile@rodan13.com

Todd L Turoci
    on behalf of Interested Party Courtesy NEF mail@theturocifirm.com

United States Trustee (RS)
    ustpregion16.rs.ecf@usdoj.gov

Valerie Smith
    on behalf of Interested Party Courtesy NEF claims@recoverycorp.com


TOTAL: 13

**FILED & ENTERED**

MAY 25 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY hawkinso DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>JARED HUNTER SCARTH,<br><br>              Debtor. | Case No.: 6:23-bk-10960-WJ<br><br>CHAPTER 13<br><br>**MEMORANDUM OF DECISION REGARDING THE MOTION BY THE TRUSTEE TO DISMISS THIS CASE**<br><br><u>Hearing Date</u>:<br>Date:  May 31, 2023<br>Time:  3:30 p.m.<br>Ctrm.:  304 |

- 1 -

**I.    INTRODUCTION.**

On March 14, 2023, the debtor, Jared Scarth ("Debtor"), filed this chapter 13 case with an incomplete petition.  Three days later, Prominence Capital Partners filed a motion to dismiss this case asserting bad faith by the Debtor.  The Court held a hearing regarding that motion to dismiss on March 27, 2023 and, for the reasons stated on the record, the Court continued the matter to May 31, 2023 at 3:30 p.m.

Later that day, the Court entered a scheduling order setting various dates and deadlines [docket #33] ("Scheduling Order").  Pursuant to the Scheduling Order, the confirmation hearing and status conference in this case are also currently scheduled for May 31, 2023 at 3:30 p.m.  Pursuant to the Scheduling Order, Rod Danielson, the chapter 13 trustee ("Trustee"), timely filed on May 17, 2023 a motion to dismiss this case [docket #56].  On May 24, 2023, the Debtor filed opposition to the motion to dismiss [docket #59].

Having considered the pleadings, the Court finds that the Trustee's motion should be granted for the reasons set forth in the motion.  Therefore, the Court finds that no oral argument is necessary and, pursuant to Rule 9013-1(j)(3) of the Local Bankruptcy Rules, the Court hereby takes off calendar the confirmation hearing and the status conference and waives appearances.  No hearings shall occur.

**II.    THE TRUSTEE SEEKS DISMISSAL OF THE CASE.**

There are currently pending two motions to dismiss this case filed by (1) Prominence Capital Partners and (2) the Trustee.  With respect to the latter, the Trustee contends that the Debtor failed to obey the Scheduling Order which directed the Debtor to file and serve a secured debt payment history declaration by May 10, 2023.  See Scheduling Order, ¶5(b).  The Debtor does not deny this contention.

Instead, the Debtor waited until May 17th to file the required documents.  Unfortunately, May 17th was also the deadline for the Trustee to file his brief regarding confirmation.  Counsel for the Trustee patiently waited for the Debtor to file the document and refrained from filing the motion to dismiss until late in the day (7:22 p.m.) on May 17th even though the Debtor had

- 2 -

already failed to file the required document for a week. Later that day, counsel for the Debtor filed the required document (a week late) after receiving the Trustee's motion to dismiss.

As a result, the failure of the Debtor to timely file the required documents (on May 10th) prejudiced the Trustee's administration of the case. The local rules specifically provide that the failure to timely provide a secured debt payment history declaration "with all required attachments" is a basis for dismissal of the case. See LBR 3015-1(m)(7) ("The failure to submit form F 3015-1.4.DEC.PRECONF.PYMTS at each § 341(a) meeting of creditors and each confirmation hearing, with all required attachments, may result in dismissal of the case, and the court may impose a 180-day bar to being a debtor pursuant to 11 U.S.C. § 109(g)."). The Court also notes that the Debtor knew of the May 10th deadline forty-four days earlier when the Court issued the Scheduling Order on March 27, 2023. Thus, the Debtor had over six weeks to complete the required declaration and assemble the required documents. That was ample time.

In his opposition brief, the Debtor admits the document was filed late and argues that counsel for the Debtor has "been dealing with an ongoing series of family emergencies" but none are explained. The declaration of counsel does not provide any information upon which the Court can conclude that counsel for the Debtor lacked the ability to act timely. The comments in the declaration are cryptic and unspecific. The evidence is simply insufficient for the Court to conclude that counsel for the Debtor lacked the ability to act timely and obey the Scheduling Order.

Counsel for the Debtor seems to suggest that for the sake of judicial economy, the Court should not enforce the deadlines for the Debtor to provide documents and information. However, it is precisely because of judicial economy that the rules should be enforced. Trustees and courts cannot do their jobs without timely information and documentation from debtors. Likewise, creditors and other parties in interest cannot evaluate the case without timely information and documentation from debtors. Complying with deadlines is essential for "judicial economy" and a properly functioning bankruptcy court system.

The Debtor has asked the Court to (in effect) not enforce the deadlines to provide documents and information in this case, but the Court is uncomfortable with this request because

1 the appellate courts regularly enforce deadlines in bankruptcy cases.

2 It has been said that "[t]he law favors the diligent and punishes the sluggards." Hines v.
3 Driver, 100 Ind. 315, 321 (Ind. 1885). Creditors and bankruptcy trustees often bear the brunt of
4 such thoughts. Courts often remind creditors that "the law favors diligent creditors." Shepler v.
5 Whalen, 119 P.3d 1084, 1090 (Colo. 2005); In re Welch, 2015 Bankr. LEXIS 17, *13 (9th Cir.
6 BAP 2015) (affirming a bankruptcy court that denied an untimely motion by creditors and stating
7 "equity assists the vigilant and diligent, not those who sleep on their rights"); Myers v. Mott,
8 29 Cal. 359, 375 (Cal. 1866) ("The law favors the diligent, and not those who sleep on their
9 rights."); In re GSYS Enterprises, 343 B.R. 568, 571 (Bankr. N.D.Tex. 2006) ("It is a familiar
10 maxim that equity favors the diligent and not those who sleep on their rights.").

11 The volumes and pages of the Bankruptcy Reporter teem with cases involving creditors
12 who fail to timely perfect a lien and, as a consequence, regularly find their liens avoided under the
13 weight and power of a bankruptcy trustee's strong-arm powers or other avoidance powers. See,
14 e.g., In re Keidel, 613 F.2d 172 (7th Cir. 1980) (affirming a bankruptcy court that voided a lien of
15 a creditor who failed to perfect its lien timely and mentioning the "strong policy favoring
16 diligence in perfection"). For example, in Fidelity Financial Services, Inc. v. Fink, 118 S.Ct. 651
17 (1998) a debtor bought a car and financed the transaction. The lender, however, was one day late
18 in perfecting the lien against the car. It perfected the lien twenty-one days after the purchase but
19 the deadline was twenty days. Even though the creditor missed the deadline by only one day, the
20 bankruptcy court avoided the lien. The district court, the court of appeals and the Supreme Court
21 affirmed.

22 The Ninth Circuit Court of Appeals ruled similarly in USAA Federal Savings Bank v.
23 Thacker, 599 F.3d 880 (9th Cir. 2010). In that case, another car lender missed the deadline for
24 perfecting a car lien by a single day. Following the Supreme Court in Fink, the Ninth Circuit held
25 the security interest was avoidable.

26 Bankruptcy courts and appellate courts repeatedly encourage creditors and trustees to act
27 diligently. For example, in 1992 the Supreme Court ruled against a bankruptcy trustee who did
28 not act timely and the court stated that "[d]eadlines may lead to unwelcome results, but they

prompt parties to act and they produce finality." Taylor v. Freeland & Kronz, 503 U.S. 638 (1992). Likewise, about twenty years later, the Ninth Circuit ruled against a creditor that missed a deadline by only twenty-six minutes and stated the following: "The humorist Douglas Adams was fond of saying, 'I love deadlines. I love the whooshing sound they make as they fly by.' But the law more often follows Benjamin Franklin's stern admonition: 'You may delay, but time will not.' To paraphrase Émile Zola, deadlines are often the terrible anvil on which a legal result is forged." Anwar v. Johnson, 720 F.3d 1183, 1184 (9th Cir. 2013).

In Taylor, a debtor asserted an exemption in an asset that was completely invalid. The asserted exemption had no basis in law. However, the creditors and the trustee failed to object timely. When the trustee filed a late objection, the Supreme Court ruled that the objection must fail because it was untimely even if the claim of exemption was meritless. As a result, the debtor was able to retain an asset as exempt even though the exemption was entirely invalid simply because the trustee had not filed the objection by the designated deadline.

Similarly, in Anwar, several creditors filed a complaint objecting to the discharge of a debt twenty-six minutes after the deadline. Counsel for the creditors had some computer problems and narrowly missed the midnight deadline to file the complaint. The complaint was filed at 12:26 a.m. the day after the deadline and the Ninth Circuit ruled that the complaint must be dismissed due to untimeliness. Anwar, 720 F.3d at 1189.

In reaching this decision, the Ninth Circuit followed numerous prior cases in which complaints filed late by creditors have been dismissed. Indeed, the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP") has considered many of these types of cases and, in the process, has consistently refused to excuse untimeliness by creditors under virtually every conceivable set of facts. The BAP has repeatedly rejected complaints by creditors filed late by merely three days,[1]

---

[1] Schunck v. Santos (In re Santos), 112 B.R. 1001, 1009 (9th Cir. BAP 1990). See also Classic Auto Refinishing, Inc. v. Marino (In re Marino), 143 B.R. 728 (9th Cir. BAP 1992) (court dismissed a complaint filed ten days late); Stackhouse v. Hudson (In re Hudson), 73 B.R. 649 (9th Cir. BAP 1987), rev'd on other grounds, 859 F.2d 1418 (9th Cir. 1988) (BAP rejects an action asserted seventeen days late).

two days,[2] and a single day.[3]  The BAP has refused to rule in favor of creditors even when strong equitable grounds have been presented such as when a natural disaster interfered with the creditor's ability to comply with the deadline.[4]

Bankruptcy courts and appellate courts regularly enforce deadlines against creditors and trustees.  Creditors and trustees often lose legal rights (permanently) when they miss a deadline by a day or two (or even twenty-six minutes).  Bankruptcy courts routinely expect creditors and trustees to act timely.

If courts intend to treat debtors and creditors equally in bankruptcy cases, then they must enforce deadlines evenly.  Deadlines pertaining to actions by debtors must be enforced as readily as deadlines that affect trustees or creditors.  To do otherwise would constitute bias in favor of debtors.  Courts need to avoid taking steps or other actions that would give debtors better treatment when missing deadlines than creditors or trustees.

In addition, it should be noted that enforcing the deadlines in this case would have far less impact on the Debtor than enforcement of other deadlines has upon creditors and trustees.  As demonstrated in Taylor, when a trustee misses a deadline to object to an exemption, the consequence is permanent.  The trustee never has another opportunity to object to the exemption.  The asset belongs to the debtor irrevocably.

Likewise, when a creditor misses the deadline to object to discharge or the dischargeability of a debt, the dismissal of the late filed complaint is effectively with prejudice.  The creditor never has another opportunity to file an objection.  The opportunity to object to discharge or to the dischargeability of debt is lost permanently.

---

[2] The BAP has often rejected complaints filed by creditors two days late. Moody v. Bucknum (In re Bucknum), 105 B.R. 25 (9th Cir. BAP 1990); Merenda v. Brown (In re Brown), 102 B.R. 187 (9th Cir. BAP 1989); Loma Linda Univ. Medical Ctr. v. Neese (In re Neese), 87 B.R. 609 (9th Cir. BAP 1988).

[3] Buckeye Gas Prod. Co. v. Rhodes (In re Rhodes), 71 B.R. 206 (9th Cir. BAP 1987).

[4] Merenda v. Brown (In re Brown), 102 B.R. 187 (9th Cir. BAP 1989).  In Brown, a major wildfire raged during the week immediately prior to the filing deadline.  The fire burned 33,000 acres and destroyed 160 homes.  The affected areas were declared disaster areas by both state and federal governments.  During the fire, the creditor was forced to evacuate her home. Both of her attorneys, as volunteer firemen, were involved in 'fire suppression activities' during a portion of the week before the filing deadline.  Nevertheless, both the bankruptcy court and the BAP dismissed the dischargeability complaint filed two days late. Id.

1    Not so in this case. If the motion is granted and this case is dismissed, there would be no

2    bar to re-filing. Dismissal would not prevent the Debtor from immediately filing a new case and

3    achieving all bankruptcy objectives. Unlike the trustee in Taylor or the creditors in Anwar, the

4    debtor in this case would retain all rights and could simply proceed with a new bankruptcy case at

5    the convenience of the Debtor.

6    In contemplating this case, the Court has sympathy for the Debtor regarding the outcome.

7    It is not ideal. But, likewise, the Court is also sympathetic when a creditor misses a deadline to

8    file a complaint by twenty-six minutes or a creditor misses the deadline to perfect a lien by one

9    day or a trustee files an untimely objection to an exemption. All of these situations are

10    unfortunate and courts must treat them with equal sympathy (as much as is possible) in order to

11    avoid institutional bias.

12    In grappling with the very important institutional goal of avoiding bias in favor of debtors

13    over creditors or trustees, the Court is not comfortable denying the motion under the

14    circumstances of this case. To do so would allow some to conclude that when it comes to

15    enforcing deadlines in bankruptcy cases, the courts treat debtors more favorably than creditors or

16    trustees.

17

18    **III.    CONCLUSION.**

19    In conclusion, the Court notes that it has very few available tools for enforcing deadlines in

20    chapter 13 cases. When debtors do not abide by deadlines, the Court can either (1) ignore the

21    deadlines, (2) sanction the debtor or counsel or (3) dismiss the case. Unfortunately, there are no

22    other options.

23    Therefore, if deadlines are to be enforced, then only the latter two remedies exist (sanctions

24    or dismissal) and, as between the two, the Court finds that dismissal is far preferable to

25    sanctioning. And while the local rules specifically empower the Court to dismiss this chapter 13

26    case with a bar to re-filing, the Court is not doing so in this case.

27    The Court also notes that counsel has been aware since March 17th of the motion to dismiss

28    by creditor Prominence Capital Partners. The existence of this motion should have generated

1  heightened attention to this bankruptcy case.  In addition, a hearing regarding that motion is

2  scheduled for May 31, 2023.  The immediate filing of that first motion to dismiss and the

3  approaching hearing should have prompted counsel for the debtor to contemplate prioritizing this

4  chapter 13 case.  That does not appear to have occurred and, therefore, dismissal is warranted.

5        The Court acknowledges that this outcome is not ideal.  In an ideal world, other

6  meaningful remedies would exist to deal with the failure by debtors to abide by deadlines.  The

7  Trustee, the Court, the creditors and other parties depend on timely action by debtors in

8  chapter 13 cases.  At present, dismissal with no bar to re-filing is the least harsh remedy that is

9  also meaningful.

10        Accordingly, the Court shall enter a separate order dismissing the case.

11  IT IS SO ORDERED.

12                                ###

24  Date: May 25, 2023

25                          Wayne Johnson
United States Bankruptcy Judge